**AIR DISPATCH, INC.**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

Civ. A. No. 36000.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1964.

Robert W. Ginnane, Leonard S. Goodman, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Ralph C. Busser, Jr., Philadelphia, for American Trucking Ass'n. & National Motor Freight Traffic Ass'n., intervening defendants.

Bryce Rea, Jr., Washington, D. C., for National Motor Freight Traffic Ass'n.

Richard McDevitt, Philadelphia, Robert J. Corber, Drew L. Carraway, John S. Fessenden, Washington, D. C., for National Bus Traffic Ass'n., Inc. and National Ass'n. of Motor Bus Owners.

Richard McDevitt, Philadelphia, Russell S. Bernhard, Washington, D. C., for Air Cargo, Inc.

Richard V. Zug, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Louis P. Haffer, Washington, D. C., for Air Freight Forwarders Ass'n.

Peter T. Beardsley, Richard R. Sigmond, Washington, D. C., for American Trucking Associations, Inc.

Arthur R. Littleton, Harold S. Shertz, Morgan, Lewis & Bockius, Philadelphia, for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Isaac S. Garb, Asst. U. S. Atty., Philadelphia, for defendants.

Robert Kennedy, U. S. Atty. Gen., John H. D. Wigger, Department of Justice, Washington, D. C., for United States.

Before FREEDMAN, Circuit Judge, and JOHN W. LORD, JR., and DAVIS, District Judges.

DAVIS, District Judge.

This action was instituted by the filing of a complaint to set aside the report, order and regulations adopted by the Interstate Commerce Commission (Commission or I. C. C.), on May 4, 1964 in No. MC–C–3437, Motor Transportation of Property Incidental to Transportation by Aircraft. A statutory three-judge court was impaneled pursuant to Title 28, U.S.Code, Sections 2284 and 2321–2325 (28 U.S.C.A. §§ 2284, 2321–2325). On June 23, 1964, after hearing, the Court entered a temporary restraining order setting aside the Commission's order until a final decision by the Court. Briefs were submitted by the parties and numerous interested parties which participated in the Commission's rule making proceedings have been granted leave to intervene. Oral argument was held on November 9, 1964 and decision was reserved.

Air Dispatch, Inc. and intervenor-plaintiffs (hereinafter referred to collectively as plaintiffs) attack the Commission's statutory authority to promulgate the regulations here involved on the ground that the Commission lacks the jurisdiction to determine when motor carrier transportation is a part of air transportation. Plaintiffs assert that the Civil Aeronautics Board (C. A. B. or Board) is the exclusive arbiter of this question by virtue of sections 101(20) and (21), 102, 403(a), 404 and 412(a) of the Federal Aviation Act of 1958.

Plaintiffs are air freight forwarders, or indirect air carriers, and are engaged in the collection, delivery or transfer of shipments which have been received from, or will be delivered to, an airline or direct air carrier. The service rendered by the plaintiffs at either or both ends of the line-haul movement of goods by the airline is an integral and necessary part of the fast and efficient service available to shippers using air transportation.

This service by motor carrier is exempt from economic regulation by the I.C.C. where the collection or delivery is a part of the continuous movement of goods in air transportation on a through bill of lading issued by the direct air carrier or the air freight forwarder. This exemption [1] is set out in Section

1. Plaintiffs prefer to label this an exclusion but for purposes of this opinion the semantic battle is resolved in favor of exemption.

203(b) (7a) of the Interstate Commerce Act which reads in part as follows:

"Nothing in this part, except the provisions of Section 204 relative to qualifications and maximum hours of service of employees and safety of operations or standards of equipment shall be construed to include * * * the transportation of persons or property when incidental to transportation by aircraft * * *."

This section was inserted in the Interstate Commerce Act by section 1107(j) of the Civil Aeronautics Act of 1938.[2] The scope of this exemption had initially been discussed in several I. C. C. cases[3] and was fully examined in Kenny Extension-Air Freight, 49 M.C.C. 182 (1949), 61 M.C.C. 587 (1953). This decision established the exemption to encompass the motor carrier transportation of property in the collection, delivery or transfer of shipments when made in connection with a prior or subsequent line-haul movement by an air carrier, as a part of a continuous movement under a through bill-of-lading. The through bill-of-lading covers the line-haul movement by the direct air carrier and the collection, delivery or transfer service by motor carrier rendered by the indirect air carrier. The Kenny decision also held that such motor carrier service must be performed within the terminal area of the air carrier filed with the C. A. B.[4] It is the position of the defendant that certain of the regulations here under attack are merely a codification of the foregoing Kenny doctrine.

Since the I. C. C. in the Kenny case assumed that the terminal areas approved by the C. A. B. would be reasonable, and therefore acceptable to the I. C. C., the plaintiffs maintain that the present regulations overrule the Kenny decision. The plaintiffs point out that a determination by the C. A. B. as to a reasonable terminal area may be completely overruled by the I. C. C. if it determines that such motor transportation is not incidental to air transportation.[5] This argument resolves itself into the question of who will decide the reasonableness of any given terminal area?

Jurisdiction to regulate air transportation is lodged in the C. A. B. and air transportation is defined as transportation partly by aircraft and partly by other forms of transportation. 49 U.S. C. A. § 1301(21). Interstate Commerce is defined to include commerce between states whether such commerce moves "wholly by motor vehicle or partly by motor vehicle and partly by rail, express, or water."[6] 49 U.S.C.A. § 303 (a) (10). It follows, the plaintiffs argue, that the Commission was to regulate motor vehicle transportation in connection with transportation by means other than aircraft and the Board was to regulate all forms of transportation used in connection with transportation by aircraft. It cannot conceivably be argued, and the plaintiffs have not attempted to do so, that where railroads or buses are used in connection with air transportation the Board would have the jurisdiction to regulate this movement of property.

2. The issue arose at oral argument whether section 203(b) (7a) of the I. C. C. Act was repealed when the Civil Aeronautics Act was replaced by the Federal Aviation Act of 1958. The determination of this question is not necessary for the disposition of this action and will therefore not be decided at this time.

3. See Sky Freight Delivery Service, Inc., Com. Car. Application, 47 M.C.C. 229; Teterboro Motor Transp., Inc. Com. Car. Application, 47 M.C.C. 247; Graff Common Carrier Application, 48 M.C.C. 310.

4. The Kenny doctrine now covers the terminal area filed by the indirect air carriers (plaintiffs). Panther Cartage Co. Extension-Air Freight, 88 M.C.C. 37 (1961).

5. This possible conflict could be avoided through the use of a Joint Board as provided in Section 1003 of the Federal Aviation Act. 49 U.S.C.A. § 1483.

6. It was suggested at oral argument that the "express" mentioned in the definition of Interstate Commerce was "air express" as known in 1935.

The plaintiffs attempt to construe Section 403(a) of the F.A.A. as a grant to the Board of jurisdiction over motor vehicles involved in pick-up and delivery service "* * * in connection with * * air transportation." This section requires the air carriers to include in their tariffs filed with the C. A. B. the charge for such pick-up and delivery service. To construe this as jurisdiction to economically regulate the motor carriers performing this service is to strain the plain meaning of the section beyond its limit.

■ It cannot be argued that the Commission lacks jurisdiction to regulate all common carriers (motor vehicles) involved in the movement of goods in interstate commerce to the extent that the issue involved pertains to (1) the qualifications of employees of the common carriers, (2) the maximum hours of work by employees, (3) the safety regulations to be followed by the carriers, or (4) the equipment standards to be met by the carriers. The Commission also has authority to economically regulate all motor vehicles involved in interstate commerce except when the motor vehicles are used exclusively in the collection, delivery or transfer of goods incidental to transportation by aircraft. Excluding this partial exemption of Section 203(b) (7a), the Commission has regulatory authority over all motor vehicles in interstate commerce. The determination of the scope of this exemption from economic regulation must logically fall on the Commission. Whether this determination is accomplished on an ad hoc basis as in Kenny and the cases following that decision, or by use of the rule making power does not alter the right to make such a determination.

The plaintiffs cite City of Philadelphia v. C. A. B., 110 U.S.App.D.C. 104, 289 F.2d 770 (1961), which held that the motor vehicle transportation of air cargo from Newark to Philadelphia, subsequent to an air movement of the same cargo from California to Newark, was "air transportation" within the meaning of the Federal Aviation Act. This case decided only that the airline involved, Flying Tiger, was fulfilling its obligation to Philadelphia in providing it with adequate air transportation between Philadelphia and California as called for by the certificate of public convenience and necessity issued to Flying Tiger by the C. A. B. The Court did not decide that the Board had economic regulatory jurisdiction over the Newark-Philadelphia truck run nor that such motor vehicle transportation of air cargo was incidental to transportation by aircraft and therefore exempt under Section 203(b) (7a). The Court, by way of dictum, cited with approval the Board's Order disclaiming jurisdiction and indicating the Commission should determine if the Newark-Philadelphia truck haul is incidental and exempt. We agree. An interline movement of property partly by air and partly by motor vehicle may be air transportation for purposes of providing service to points for which a certificate of public convenience and necessity has been issued and at the same time the motor vehicle portion would not be incidental to the transportation of the property by aircraft.

■ We find that the I. C. C. has the jurisdiction to define the scope of the exemption granted in Section 203(b) (7a). This determination is dispositive of this litigation since inquiry into the substance of the regulations would be premature. No conflict between the Board and the Commission has arisen nor have these regulations been attacked as an unreasonable exercise of the authority vested in the Commission.

An appropriate order may be submitted by the defendant, Interstate Commerce Commission.