**ZANTOP AIR TRANSPORT, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant,

and

Interstate Commerce Commission,
Intervening Defendant.

Civ. A. No. 25662.

United States District Court
E. D. Michigan, S. D.

Dec. 21, 1965.

Arthur P. Boynton, Wilhelmina Boersma, of Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., for plaintiff, Zantop.

Lawrence Gubow, U. S. Dist. Atty., Robert F. Ritzenhein, Asst. U. S. Dist. Atty., Detroit, Mich., for the United States.

Robert W. Ginnane, Gen. Counsel, Leonard S. Goodman, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

John H. D. Wigger, Joe F. Nowlin, Attys., Dept. of Justice, Washington, D. C., for Department of Justice.

Before EDWARDS, Circuit Judge, and SMITH and MACHROWICZ, District Judges.

PER CURIAM.

This is an appeal under provisions of Secs. 1336, 2321 through 2325 of Title 28, U.S. Code and Secs. 17(9) and 305 (g) and (h), Title 49 U.S.C. from the decision and order of the Interstate Commerce Commission (hereinafter referred to as Commission) in the matter of Zantop Air Transport, Inc. Investigation of Operations, Docket MC–C–3871 dated June 30, 1964. The matter was submitted to this Court upon facts which are not in dispute.

The Commission had previously instituted an investigation of the operations performed by the plaintiff company with its own motor vehicles between the Greater Wilmington Airport near Wilmington, Delaware, and two plants of General Motors Corporation in Baltimore, Maryland, a distance of fifty-seven (57) miles by air and sixty-five (65) miles by highway.

For approximately one (1) year prior to the commencement of the investigative proceedings, the plaintiff, an air contract carrier, had been operating its truck to deliver and pick up shipments at the Baltimore General Motors plants that were transported in plaintiff's aircraft to or from the Greater Wilmington Airport.

The investigation was for the purpose of determining whether or not plaintiff was engaged in the transportation of property in interstate commerce for compensation as a common or contract carrier by motor vehicle, subject to the provisions of Part II of the Interstate Commerce Act in violation of Sections 206(a) (pertaining to common motor carriers) and 209(a) (pertaining to contract motor carriers) of said Act.

The hearing was held before Joint Board No. 40 of the Commission, which found:

a. That transportation of property by motor vehicle, having a prior or subsequent movement by air, between the Greater Wilmington Airport, near Wilmington, Delaware, on the one hand, and, on the other, Baltimore, Maryland, is not within the partial exemption provided by Sec. 203(b) (7a) of the Interstate Commerce Act, but is a separate line haul motor carrier operation for which authority is required under the Act, and

b. That plaintiff has been and is engaged in the transportation of property between the Greater Wilmington Airport, near Wilmington, Delaware, and Baltimore, Maryland, in interstate or foreign commerce as a for-hire carrier by motor vehicle, without appropriate authority, in violation of Sec. 203(c) 206(a) and 209(a) of the Act.

Plaintiff filed with the Commission exceptions to this Report and Order of the Joint Board. The Commission subsequently issued its Decision and Order in effect affirming the decision of the Joint Board and adopting its findings but making no additional findings of fact. Plaintiff was ordered by the Commission to cease and desist operating its motor vehicles between the Wilmington Airport and Baltimore.

Plaintiff's petition for leave to file a petition for reconsideration of the decision and order, and for stay of the effective date thereof, was denied and these proceedings were then started. After this appeal was commenced the Commission issued an order staying the effective date of the decision and order indefinitely. This order is still in effect.

The issues raised by the pleadings, the briefs and the oral arguments, are as follows:

I. Does the Commission have jurisdiction over the motor vehicle operation of the plaintiff when there had been some prior or subsequent movement by aircraft?

II. Was the Commission required to make a finding as to whether plaintiff's operations were those of a common carrier or contract carrier?

III. Is the plaintiff's motor vehicle operation within the definition of the types of motor carrier required to obtain authority from the Commission?

## I.

Plaintiff contends that Sec. 203(b) (7a), enacted as part of the Civil Aeronautics Act of 1938, excludes economic regulation of motor transportation which is a minor activity incident to the main purpose of the main business of the plaintiff, it being conceded that the main business of the plaintiff, insofar as the operations here involved are concerned, is the shipment of goods between Detroit, Michigan, and the Baltimore, Maryland area. Plaintiff implies that the Civil Aeronautics Board has exclusive jurisdiction over motor service of an air common carrier.

In Air Dispatch, Inc. et al. v. United States, et al., U.S.D.C., E.D.Pa., 237 F. Supp. 450, decided December 22, 1964, the three-judge Court noted that

"It cannot conceivably be argued * * * that where railroads or buses are used in connection with air transportation the (Civil Aeronautics) Board would have the jurisdiction to regulate this movement of property."

It agreed with the Court of Appeals in City of Philadelphia v. Civil Aeronautics Board, 110 U.S.App.D.C. 104, 289 F.2d 770, in which the Court

"cited with approval the Board's Order disclaiming jurisdiction and indicating the Commission should determine if the * * * haul is incidental and exempt."

Sec. 203(a) (10) of the Act provides as follows:

"The term 'interstate commerce' means commerce between any place in a State and any place in another State or between places in the same State through another State, whether such commerce moves wholly by motor vehicle *or partly by motor vehicle and partly by rail, express or water.*"

The Interstate Commerce Act has been characterized as remedial and exceptions thereto are to be narrowly construed. Crescent Express Lines v. United States, 320 U.S. 401, 409, 64 S.Ct. 167, 88 L.Ed. 127.

Though Congress did not specifically refer in Sec. 203(a )(10) to air service, it should be kept in mind that when this section was adopted, in the 1930's, air transportation was then considered essentially "express service".

It is the view of this Court that the Commission clearly has jurisdiction over the motor vehicle operations of the plaintiff, which are the subject-matter of these proceedings.

## II.

It is the plaintiff's contention that its operations, insofar as the motor vehicle movement, is concerned are that of a private carrier and not that of a common carrier or contract carrier.

Plaintiff's contention that its motor service performed with its air transportation business is "private carriage" is untenable.

Sec. 203(c) of the Act reads in part as follows:

"* * * nor shall any person engaged in any other business enterprise transport property by motor vehicle in interstate or foreign commerce for business purposes unless such transportation is within the scope, and in furtherance, of a primary business enterprise (*other than transportation)* of such person."

Clearly this does not exempt motor transportation in furtherance of, or performed with, any other transportation business. Plaintiff cannot escape regulation by a claim that its motor services merely further its other transportation business, which makes use of aircraft.

The Commission decided merely that plaintiff operated as a "for hire" carrier which must seek a certificate or permit under the Act in order to operate lawfully as a motor carrier in interstate commerce. It was not necessary for the Commission to decide whether plaintiff

is operating as a common carrier or as a contract carrier, for the issue concerned the matter of regulated versus unregulated carriage.

Sec. 203(c) of the Act was adopted to make certain that no transportation for compensation is conducted in interstate commerce unless the carrier is licensed by the Commission or exempt. It was sufficient for the Commission to find that plaintiff was a "for hire" carrier and it then became the burden of the plaintiff to conform its operation to either a common or a contract carrier and to obtain appropriate authority for the service it chooses to perform.

### III.

■ Sec. 203(b) (7a) of the Act provides:

"Nothing in this chapter, except the provisions of section 304 of this title relative to qualifications and maximum hours of service of employees and safety of operation or standards of equipment shall be construed to include * * * the transportation of persons or property by motor vehicle *when incidental* to transportation by aircraft;".

Plaintiff contends that this language exempts the motor vehicle operation of the plaintiff from the certificate or permit requirements of the Act, for the reason that such motor vehicle operation is "incidental to the transportation by aircraft performed by the plaintiff" and that the transportation by motor vehicle between the Wilmington Airport and Baltimore is subordinate to, results from and is an adjunct of its operations in the transportation of property by aircraft as an air contract carrier.

It is defendant's position that it properly construed the provisions of Sec. 203 (b) (7a) by restricting plaintiff's motor vehicle operation within the reasonable terminal area of the Wilmington Airport.

This Court has carefully examined the findings of the Joint Board and the decision of the Commission which merely adopted such findings. In neither of these can this Court find any findings of fact to support the determination that the plaintiff is not entitled to the exemption claimed under the provisions of Sec. 203(b) (7a) of the Act.

The Commission has equated the term "incidental" as used in the Act with the "terminal area" of the airport but made no finding of fact to support such determination. Plaintiff contends that because of its long-established practice, it is entitled to consideration of a wider terminal area than that normally found for the Wilmington Airport.

Though this Court does not hold that the Commission's apparent policy of holding "incidental" to transportation by aircraft all motor transportation within twenty-five (25) miles of a particular airport is unreasonable or outside the discretion of the Commission, nevertheless we do not read this standard for construction of "incidental" as the sole guide to determination of the 203(a) exemption.

This claim of the plaintiff was entitled to consideration by the Commission and a clear finding of fact should have been made to substantiate its final determination.

If after fair and full consideration, the Commission finds facts to justify its more limited interpretation of plaintiff's rights to exemption, the cease and desist order should be affirmed. The order as presently drafted, however, is insufficient to support such an order.

It is therefore ordered

that this matter be remanded to the Interstate Commerce Commission for the purpose of taking such additional proofs as may be required and for making a finding of fact to support the conclusion of the Commission as to plaintiff's right to exemption under the Act.

It is further ordered

that this Court retain jurisdiction of this matter pending such determination and that either side may apply to this Court for such further relief as may be required and proper after the determination is made by the Commission as required herein.