**ZANTOP AIR TRANSPORT, INC.,**
Plaintiff,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants.

**Civ. No. 25662.**

United States District Court
E. D. Michigan, S. D.
July 31, 1967.

Wilhelmina Boersma and Arthur P. Boynton, of Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., for plaintiff.

Lawrence Gubow, U. S. Dist. Atty., Detroit, Mich., Leonard S. Goodman, Asst. Gen. Counsel, I. C. C., Joseph F. Nowlin, Atty., Dept. of Justice, Washington D. C., for intervening defendant Interstate Commerce Commission.

OPINION AND ORDER AFFIRMING DECISION AND ORDER OF INTERSTATE COMMERCE COMMISSION.

Before EDWARDS, Circuit Judge, and SMITH and MACHROWICZ, District Judges.

PER CURIAM.

This is an appeal under 49 U.S.C. §§ 17(9) and 305(g), (h) and 28 U.S.C. §§ 1336 and 2321–25 from the decision and order of the Interstate Commerce Commission, hereinafter referred to as the Commission, in the matter of Zantop Air Transport, Inc., Investigation of Operations, docket Mc-C-3671, dated June

30, 1964. The matter was submitted to this court upon facts which are not in dispute. These facts are set out in this court's prior opinion and order remanding cause to the Interstate Commerce Commission, dated December 21, 1965, 250 F.Supp. 623.

In that opinion, the court defined the three issues which were raised by the instant appeal and disposed of the first two issues, namely jurisdiction and the necessity of the Commission's finding whether plaintiff's operations were those of a contract or common carrier. These two issues were decided in favor of the Commission. The third issue was whether plaintiff's motor vehicle operations fell within the definition of the types of motor carrier service required to obtain authority from the Commission. Specifically, this issue was intended to meet plaintiff's contention that its operations fell within the statutory exemption of § 203(b) (7a) of the Interstate Commerce Act, hereinafter referred to as the Act (49 U.S.C. § 303(b) (7a)) which by its terms exempts from the certificate or permit requirements of the Act " * * * the transportation of persons or property by motor vehicle when *incidental to transportation by aircraft.*" The court left the determination of this third issue open because it found no findings of fact in the decision of the Commission and in the Report of the Joint Board incorporated therein to support the Commission's determination that plaintiff is not entitled to the exemption claimed. The matter was remanded to the Commission "for the purpose of taking such additional proofs as may be required and for making a finding of fact to support the conclusion of the Commission as to plaintiff's right to exemption under the Act."

Following remand, on July 18, 1966, the Commission issued its report on reconsideration amplifying and affirming the findings in its prior decision, one member dissenting. This report appears at 102 M.C.C. 457. By stipulation of the parties, plaintiff filed a motion for summary judgment in order to present the issues for final determination by the court. Briefs were filed by all parties and a hearing was held. On April 3, 1967, the court wrote a letter to counsel for the Commission, asking him to furnish the court a written statement indicating what specific findings of fact contained in the Commission's report on reconsideration and in its original decision support its determination of the exemption issue. This request was met in a letter dated April 7, 1967, a copy of which is attached hereto as Appendix A.

The scope of review applicable to actions of the Commission is set forth in 5 U.S.C. § 1009(e). Reddish v. United States, 188 F.Supp. 160 (D.C.Ark.1960), affirmed I.C.C. v. J-T Transport Co., 368 U.S. 81, 82 S.Ct. 204, 7 L.Ed.2d 147 (1961). This provision requires the reviewing court to set aside agency action findings and conclusions found to be, among other things, arbitrary, capricious, without statutory authority, or unsupported by substantial evidence.

The Commission's findings may be summarized as follows. The exemption of § 203(b) (7a), i. e. motor transportation "incidental to transportation by aircraft", applies to such motor transportation which is conducted within the terminal area of a given air carrier. This terminal area generally is within a twenty-five mile radius of the airport, thus being adequate to handle most bona fide pick-up and delivery service incidental to air transport within the community or communities served by the airport. Nevertheless, the Commission varies this zone of exemption if warranted by geographical, industrial and population considerations of the specific area involved and by considerations of the inherent characteristics of the specific carrier involved. The Commission then found as a matter of ultimate fact that plaintiff's motor transport services to and from the Wilmington airport to the Baltimore commercial area could not be considered operations incidental to air transport because they were not limited to "bona fide collection, delivery or transfer service", but rather were line-haul operations, in-

tercommunity in nature, serving the Baltimore community by motor transport rather than by air service to the airport designated to serve the Baltimore area. The Commission also found nothing in plaintiff's established practices to warrant the conclusion that it was entitled to a terminal area from the Wilmington airport which would include the Baltimore community.

■■ We now find that the Commission's definition of motor transportation incidental to transportation by aircraft is within the limits of statutory authority and that its findings of fact that plaintiff's activities did not fall within such exemption are supported by substantial evidence.

Accordingly, the Commission's decision and order and its subsequent report on reconsideration are hereby affirmed and the complaint is hereby dismissed with prejudice.

### APPENDIX A.

INTERSTATE COMMERCE COMMISSION
Office of the General Counsel
Washington, D.C. 20423

LSG:ch
April 7, 1967

Honorable Thaddeus M. Machrowicz
United States District Judge
United States District Court
Eastern District of Michigan
Detroit, Michigan 48226

Re: Zantop Air Transport, Inc. v.
United States of America and
Interstate Commerce Commission, Civil Action No. 25662
(G. C. File No. 1968)

Dear Judge Machrowicz:

This letter responds to yours of April 3, 1967, in which you ask what specific findings of fact are contained in the two reports of the Commission in this case bearing upon plaintiff's right to exemption.

In the decision and order of June 30, 1964, 96 M.C.C. 18, the Commission adopted findings of the hearing examiner that the Commission would vary from a 25-mile exempt zone "depending upon considerations of geographical location, industrial dispersion, and population density in the area involved" (at 23, lines 2–3). It then adopted the following findings regarding the areas normally served by the Wilmington and Baltimore airports:

1. The Wilmington Airport was designed to serve points in and around Wilmington and in New Castle County, Del. (at 23, lines 4–5);

2. Baltimore is a considerable distance from the nearest point normally served by the Wilmington airport (lines 5–8);

3. Baltimore has its own airport (lines 10–11).

The findings included references to the nature of the Baltimore service area: Baltimore has a large population and is the commercial, trading, and industrial center for numerous surrounding communities (lines 8–10). Baltimore cannot, "either historically, commercially or geographically, be considered to be within the terminal area of the Greater Wilmington Airport" (lines 12–14). The decision ended with the statement, "In the circumstances, it is concluded that the motor carrier operation performed by respondent [Zantop] * * * is not within the exemption * * * but is a separate line-haul operation for which operating authority is required from this Commission" (lines 14–18).

This Court remanded the proceeding for additional findings relating to plaintiff's contention "that because of its long-established practice, it is entitled to consideration of a wider terminal area than that normally found for the Wilmington Airport" (250 F.Supp. 623, 626). The Commission had relied exclusively on the geographic and commercial characteristics of the cities and their airports. This Court held that "[t]his claim of the plaintiff was entitled to consideration by the Commission." (ibid.). The Commission did not appeal this decision, but accepted the holding that any inherent characteristics of plaintiff's own opera-

268

tion should also be considered, and supplemented its prior report with additional findings in a report of the entire 11-member Commission, with one Commissioner dissenting, of July 18, 1966 (102 M.C.C. 457).

The Commission finds nothing inherent in plaintiff's operation which can fairly be pointed to as showing that the motor operation from Wilmington to Baltimore is merely an incidental pickup and delivery service. First, plaintiff uses an airport "designated to serve Baltimore" (at 462, line 19). Thus, to the extent the views of the Civil Aeronautics Board are available, the Baltimore pickup and delivery service should generally occur to and from the Friendship Airport. Second, plaintiff's own rates and charges show that it does not consider the motor haul from Wilmington to Baltimore in the class of a pickup and delivery service. It "makes no additional charge for bona fide pickup and delivery in the Wilmington area, but only for the separate movement to Baltimore" (lines 34–36). In an earlier case a similar motor haul of 70 miles, for which a similar charge of $3.00 was made, was also held to be outside the exemption (at 462, lines 40–42, and 463, lines 1–3).

Third, the Commission further finds that there is nothing unique or inherent in plaintiff's motor operation to render it a pickup and delivery service, since it "essentially continues a common carrier service earlier used by it exclusively and now only occasionally" (lines 36–39).

Finally, the Commission notes that plaintiff has primarily argued that it has needed to use the more efficient motor service, rather than air service, between Wilmington and Baltimore. The Commission states that such "need is immaterial to a determination of the lawful scope of the statutory exemption" (lines 11–13). Here plaintiff's evidence is in terms of its need to use motor carrier service of some type rather than any need peculiar to its operation for a particular exempt service; its evidence is not in terms of either geographic considerations, such as involved in the first re-

port, or the inherent and particular nature of the motor operation performed by it. On the other hand, if plaintiff merely requires "the services of a motor carrier devoted exclusively to it the act provides a means by which on a proper showing the services of such carriers can be obtained" (463, lines 13–16).

Yours very truly,
s/ Leonard S. Goodman
Assistant General Counsel

cc: Honorable George Edwards
Honorable Talbot Smith
Mr. Milton J. Trumbauer
Miss Wilhelmina Boersma
Mr. John H. D. Wigger