334 So.2d 594 (1976)
ASI, INC., Petitioner,
v.
FLORIDA PUBLIC SERVICE COMMISSION, Respondent.
No. 48210.
Supreme Court of Florida.
June 23, 1976.
*595 Sol H. Proctor of Proctor & Cain, Jacksonville, for petitioner.
Prentice P. Pruitt and Cynthia S. Joachim, Tallahassee, and Norman J. Bolinger of Schwartz, Bolinger & Peterson, Jacksonville, for respondent.
HATCHETT, Justice.
By petition for writ of certiorari, ASI, Inc., (ASI) seeks to overturn the award to Airco Air Freight Delivery, Inc. (Airco) by the Public Service Commission of for-hire Permit No. 2261. The Constitution confers jurisdiction on this Court to "issue writs of certiorari to commissions established by general law having statewide jurisdiction." Art. V § 3(b)(3). The Public Service Commission was established by Section 350.011, Florida Statutes (1975), and exercises statewide jurisdiction, but we deny the petition for writ of certiorari, because we believe the petition lacks merit.
Airco filed an application with the Public Service Commission on March 28, 1975, pursuant to Section 323.05, Florida Statutes (1975), seeking authority to transport "delayed, misplaced and/or misrouted baggage ... from the Jacksonville International Airport" to specified points in northeast Florida, the points of destination being restated in an amended application. Airco sought authority limited to "single, casual and nonrecurring trips performed only occasionally and without solicitation." ASI filed a protest requesting that Airco's application be denied or, in the alternative, that a public hearing be held to determine whether the proposed transportation was for hire or, alternatively, whether the permit was required by public convenience and necessity.
Airco moved to strike ASI's protest on the ground that ASI had no standing to oppose the application and on the ground that "the service proposed by Airco is not common carriage." In Order No. 12069, the Commission entered an order striking ASI's protest and issued for-hire Permit No. 2261, thereby granting Airco's application, one commissioner dissenting. To supply an inadvertent omission, an amended order was unanimously entered. Order No. 12069-A. ASI filed a petition for reconsideration, which the Commission denied after hearing argument by the parties, one commissioner dissenting. Order No. 12322. ASI sought review in this Court of the Commission's orders by filing a petition for writ of certiorari here.
The parties agree to the general proposition that the administrative procedure act, Section 120.50 et seq., Florida Statutes (1975) applies to proceedings before the Public Service Commission, except where specifically provided otherwise. See Florida Retail Federation, Inc. v. Mayo, 331 So.2d 308 (Fla. 1976); Gator Freightways, *596 Inc. v. Mayo, 328 So.2d 444 (Fla. 1976). The particular statute under which the Commission acted in this instance, however, provides, as follows:
No motor carrier shall operate any for-hire motor vehicle on any public highway in this state in the transportation of persons or property for compensation without first having obtained from the commission a permit, which permit shall issue as a matter of right and of course when the provisions of this part and the laws of the state touching such motor vehicle operation have been complied with by the applicant.
Section 323.05(1), Florida Statutes (1975) (emphasis supplied)
The Commission heard ASI's arguments on petition for reconsideration, but no fact finding hearing took place at any stage of the proceedings.
ASI asserted a hearing was necessary "to determine ... if public convenience and necessity require the grant of" a permit to Airco. Section 323.05(1) Florida Statutes (1975) does not require any determination as to public convenience and necessity before granting for-hire permits. Such permits are to issue "as a matter of right." Id. We are unable to conclude that the Commission's grant of a permit to Airco constitutes "substantial interests of [ASI being] ... determined by an agency," within the intendment of Section 120.57, Florida Statutes (1975), even assuming that ASI will experience competition from Airco, operating under its new for-hire permit. The fact is that ASI has no legally recognized interest in being free from competition. On the contrary, the statutory scheme is one of free and unfettered competition among for-hire motor vehicles on public highways. Section 323.05, Florida Statutes (1975). The procedural requirements established by the administrative procedure act evince no purpose either to alter this substantive policy or to require hearings to find facts which can have no bearing on agency action.
The basis on which ASI sought an evidentiary hearing was twofold. ASI's second contention before the Commission was that a hearing should have been held to determine whether the proposed transportation was for-hire. We reject this argument as frivolous. The term "for-hire" is defined in Section 323.01(9), Florida Statutes (1975), as follows:
"For hire" means any motor carrier engaged in the transportation of persons or property over the public highways of this state for compensation, which is not a common carrier or contract carrier but transports such persons or property in single, casual and nonrecurring trips. "For-hire carriage" shall not be deemed to include "charter carriage" as herein defined and no for-hire carriage of passengers shall be authorized by any permit as herein defined and issued by the commission under the provisions of this part in motor vehicles of a greater passenger-carrying capacity than nine including the driver or chauffeur.
It was a simple matter for the Commission to compare Airco's application with the statute, and decide that the proposed transportation fell within the purview of the statute. The possibility of summary treatment is contemplated by Section 323.05, Florida Statutes (1975), and is expressly provided for in Rule 25-5.06, Fla. Admin. Code. ASI does not challenge the validity of Rule 25-5.06 and makes no claim that the permit actually granted to Airco authorizes anything other than "for hire" transportation.
The petition for writ of certiorari is denied.
OVERTON, C.J., ROBERTS and SUNDBERG, JJ., and SMITH, District Court Judge, concur.