369 So.2d 689 (1979)
SCHOOL BOARD OF ORANGE COUNTY, Florida, Appellant,
v.
Robert N. BLACKFORD and Margaret H. Harrison, Individually and for the Use and Benefit of Cherokee Junior High School Parent-Teacher Association, Appellees.
No. LL-94.
District Court of Appeal of Florida, First District.
April 19, 1979.
*690 John W. Bowen of Rowland, Bowen & Thomas, Orlando, for appellant.
David B. King of Peed & King, Orlando, for appellees.
MELVIN, Judge.
The School Board of Orange County, hereinafter referred to as the School Board, has timely filed its appeal from a final order entered by the hearing officer, Division of Administrative Hearings, which held and determined that the action of the School Board in closing Cherokee High School, transferring the students in that institution, and reutilizing Cherokee Junior High School as a school facility for exceptional education, for the school year 1978-79 was invalid. The order also held invalid the School Board's agency action in adopting attendance zone lines around some of the junior high schools of the school district. The hearing officer determined that the action of the School Board in each instance was invalid because the action was not taken pursuant to the rule-making requirements of Section 120.54, Florida Statutes (1977).
The School Board is an agency charged under the Constitution and laws of the State of Florida with responsibility for the control, operation and maintenance of the free public schools within the Orange County school district.
Prior to the adoption of the Administrative Procedure Act, the School Board had adopted rules that controlled the drawing of attendance zone lines around each of the schools. Those were readopted pursuant to the Administrative Procedure Act, after the effective date of such act. Underlying the activity of the School Board in the establishment of school zones, transfer of students, the relocation of children from one school to another and establishing an institution for exceptional educational programs, was an order entered by a judge of the United States District Court relating to the educational system in Orange County, Florida, directing and requiring that certain activities be undertaken by such School Board. It is, therefore, readily apparent that the School Board had no discretion in the drawing of the zoning lines around each school as directed by the U.S. District Court Judge's order. The court order was entered, final and binding, and it was the responsibility of the School Board to comply with it. They did so by the entry of the orders complained of.
Robert N. Blackford is the parent of a child who was enrolled in the seventh grade at Cherokee Junior High School for the 1977-78 school year. Pursuant to the orders of the School Board here above referred to, his child was assigned and transferred to Howard Junior High School which is located some distance further from the Blackford residence than the Cherokee Junior High School. However, the Howard Junior High School still is within walking distance from the Blackford residence. Respondent Margaret Harrison has a child, likewise transferred, who will be in the ninth grade at Howard Junior High School for the year 1978-79. Her child was in the eighth grade at Cherokee High School during the 1977-78 school year. Here again, the Harrison residence is within walking distance to the Howard Junior High School. There is no showing in this record that the educational opportunities offered these two children at the Howard Junior High School are in any degree inferior to those that they were subject to receive at the Cherokee Junior High School. Out of all the students that were thus transferred from the Cherokee Junior High School to the Howard Junior High School and to other schools in the area, in obedience to the directives of the *691 School Board and compliance with the federal court order, we have two parents who complain that the interest of their children by such School Board action were substantially affected.
The hearing officer in the final order entered by him concluded that the parents did have a substantial interest in that part of the long range plan for pupil assignment that related to the closing of the junior high school and its use-change to that of an exceptional educational school, and that they also had a substantial interest in the adoption by the School Board of attendant zone lines for some of the other junior high schools in the district. In reaching this conclusion, the hearing officer ruled that the parents of the children:
"[I]nterest in maintaining for their children an educational program which is not unnecessarily disrupted by changing schools, and realigning friendships, is a substantial one."
Every concerned parent has an interest in their children and in the educational program in which their children are enrolled. They also have a natural interest that the educational progress of the child not be unnecessarily disrupted. However, a change from one school to the other which would, of course, bring about an exposure of the child to the opportunity of making new friends may not on its face, standing alone, be considered a hindrance. Such concern on the part of parents is not sufficient to satisfy the threshold requirement of a standing to bring about a rule challenge of the school board procedure under the provisions of Section 120.56, Florida Statutes (1977). We hold that these children (who were not made parties to this cause) represented by their parents have not been "substantially affected" so as to give these parents or children standing to challenge the procedure of the School Board. Likewise, the parent-teacher association has no standing to challenge the subject orders. While it may be that these parents might be considered an "affected party" entitled to present evidence and to present argument before an agency in a rule adoption procedure under Section 120.54(3), this record falls far short of establishing that such parents or children were "substantially affected" so as to clothe them with standing to bring about a rule challenge under the provisions of Section 120.56, Florida Statutes (1977). To walk a little bit further, or to have the chance to make new friends does not offer entitlement to complain. See Florida Dept. of Offender Rehab. v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978). Also, see ASI, Inc. v. Florida Public Service Commission, 334 So.2d 594 (Fla. 1976).
We hold that while these children have a legal right to receive from the School Board equal opportunities for the obtaining of a free education, they do not have a right to be seated at a particular desk in a particular room at a particular school in order to receive such educational exposure.
To uphold the order entered striking down the orders of the School Board herein referred to would require first that common sense and logic take a holiday.
The final order entered by the hearing officer here under review is reversed and the orders entered by the School Board herein referred to are affirmed.
MILLS, Acting C.J., and MASON, ERNEST E., Associate Judge, concur.