BOYD, Justice.
Petitioners seek review of a Public Service Commission order denying their applications for certificates of registration as interstate commerce carriers under section 323.28, Florida Statutes (1977). We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
Petitioners wanted to extend their motor vehicle transportation services to arriving or embarking airline passengers. Believing their services would constitute interstate commerce, they applied for a certificate of registration under section 323.28, which exempts interstate commerce carriers from having to obtain certificates of public convenience and necessity. After a hearing examiner recommended that the certificates be granted, several other companies filed objections, claiming they had insufficient notice of the proceeding and requested a hearing. Their requests were granted and a hearing was held over petitioners’ objections. Again the hearing examiner recommended that the certificates be granted. In this order he specifically found:
1. None of the applicants propose to have any “common arrangements” with either air or water carriers.
2. None of the applicants propose to provide “through ticketing” with either air or water carriers.
3. Each of the applicants state that the services will be provided on a pre-ar-ranged or reserved basis with the arrangements for such services being made either by the passenger himself or a travel agent or tour agent.
4. Each of the applicants state that in many cases the services will be provided in connection with a “package tour” whereby the passenger pays his one price which includes among other things round-trip ground transportation to and from airports or seaports.
The commission accepted these findings of facts, but concluded as a matter of law that the petitioners’ services were not interstate commerce. Petitioners claim that the commission erred by holding a public hearing and by not finding that petitioners were operating in interstate commerce.
Petitioners state that section 323.28(2), Florida Statutes (1977) specifically provides: “The certificate of registration shall be granted as a matter of right without public hearing.” They point out that this Court interpreted similar language in section 323.05, Florida Statutes (1975) to mean that a business competitor was not entitled to a hearing. ASI, Inc. v. Florida Public Service Commission, 334 So.2d 594 (Fla. 1976). In that case we stated: “It was a simple matter for the Commission to compare [the] application with the statute, and decide that the proposed transportation fell within the purview of the statute.” Id. at 596. In this case the commission decided that it was not such a simple matter. It found that whether petitioners were entitled to a certificate of registration was a mixed question of fact and law which required an evidentiary hearing. If it had sufficient evidence to determine whether petitioners were entitled to a certificate of registration, it could have just as easily denied the requests for a hearing.
Petitioners argue that the commission had sufficient evidence to make a decision. An applicant who is engaged in interstate commerce must either be certified by the Interstate Commerce Commission or fall within one of the categories exempting certain interstate commerce activity from certification. Petitioners claim that their services fall within the statutory exemption for “transportation of persons or property by motor vehicle when incidental to transportation by aircraft . . . .” 49 U.S.C. § 303(b)(7a). They say this exemption automatically applies when the transportation is confined to passengers who are utilizing the airlines and is within a twenty-five mile radius of the airport. 49 C.F.R. § 1047.-45(a). They further argue that the commission does not have the authority to determine whether a business is engaged in interstate commerce since the Interstate Commerce Commission has preempted the field.
*1252 Clearly the Public Service Commission has the authority to decide whether a business is engaged in interstate commerce. Otherwise it would be bound by the assertions of the applicants, foreclosing the possibility of any investigation into the validity of the assertions. This would completely nullify the commission’s regulatory authority-
In deciding whether petitioners fell within the exemption claimed, the commission looked to the I.C.C.’s decisions on the matter. The I.C.C. has required motor vehicle transportation to be part of a “through ticket” or commonly arranged with the interstate carrier.
The question of whether the motor transportation of passengers between an airport and a point in the same State is interstate commerce when those passengers have an immediately prior or subsequent interstate movement by air was dealt with in Motor Transp. of Passengers Incidental to Air [95 M.C.C. 526, 536]. In that proceeding the Commission affirmed numerous past decisions and found that a motor carrier of passengers operating wholly within a State, selling no through tickets, and having no common arrangements with connecting out-of-State carriers is not engaged in interstate or foreign commerce regardless of the intentions of any passengers to continue or complete an interstate journey.
Wisconsin-Michigan Coaches, Inc., 124 M.C.C. 448, 450 (1976). The I.C.C. is not bound, as petitioners contend, by an ironclad rule of twenty-five miles. Freight Forwarders Inst. v. United States, I.C.C., 409 F.Supp. 693 (N.D.Ill.1976); I. C. C. v. Howard, 342 F.Supp. 1112 (W.D.Mich.1972). The I.C.C. may vary the zone of the exemption based on “considerations of the inherent characteristics of the specific carrier involved.” Zantop Air Transport, Inc. v. United States, 272 F.Supp. 265, 266 (E.D. Mich.1967). Thus the standard employed by the I.C.C. and borrowed by the commission is within the I.C.C.’s statutory authority. The Public Service Commission, therefore, did not depart from the essential requirements of law by holding that the applicants’ transportation services must provide for either “through ticketing” or “common arrangements.”
The hearing examiner specifically found that none of the petitioners provided “through ticketing” or had “common arrangements” with any interstate carriers. The complete package tours which include petitioners’ sen ices were arranged by travel or tour agents, and not the airlines. After selling these package tours, the airlines would pay the tour agents. In this situation the tour agent, by making the necessary arrangements and collecting the money, intervenes between the airline and the motor carrier, dispelling any notion that the airline and the motor carrier had a common arrangement between themselves. Therefore the hearing examiner’s findings of fact were based on competent substantial evidence and the commission correctly applied the law to those facts.
The motions to strike the motion to confess error, filed after oral argument, are granted and the motion to confess error is stricken.
The petition for certiorari is accordingly denied.
It is so ordered.
ENGLAND, C. J., and ADKINS and SUNDBERG, JJ., concur.
OVERTON, J., dissents with an opinion, with which ALDERMAN, J., concurs.