BARFIELD, Judge.
The Florida Commission on Ethics (Commission) appeals from a non-final order of the trial court which held that the Commission must comply with Chapter 120 in proceedings on two complaints filed with the Commission against John Sullivan and Wilma Sullivan. We affirm.
The question before the court is whether the Commission, when it is fulfilling its constitutionally mandated function of investigating and making public reports on complaints concerning a “breach of public trust” by a public officer or employee, is subject to the provisions of Chapter 120, the Administrative Procedures Act.
Article II, Section 8(f), Florida Constitution, mandates that complaints concerning breach of'public trust be investigated and reported on by an “independent commission”. Section 8(h)(3) designates the Florida Commission on Ethics as the independent commission. It is the position of the Commission that it should be analogized to the judicial nominating commissions under Article V, Section 11. We disagree.
 In construing a constitutional provision, the words should be given reasonable meaning according to the subject matter, but in the framework of contemporary societal needs and structure. Insight may be gained from historical precedent, from present facts, or from common sense. The goal intended to be accomplished or the evil sought to be prevented or remedied must be examined to determine the intent of the people in initiating enactment of the provision. In Re Advisory Opinion to the Governor, 276 So.2d 25 (Fla.1973). In the above-cited opinion, the Supreme Court held that the goal of the people in revising Article V of the Constitution to establish judicial nominating commissions was to remove some of the discretion of the governor’s office in the appointment of judicial officers and that this goal “can best be attained by providing discretion to their commissions to promulgate rules of procedure for their hearings and findings, independent of any of the three standard recognized divisions of state government.” 276 So.2d at 30. The court noted, “To allow the Governor to guide the deliberations of the commissions by imposing rules of procedure could destroy its (sic) constitutional independence.” Id. We will not question the wisdom of the Supreme Court in its treatment of the judicial nominating commissions, although the rationale we apply to the Commission on Ethics seems equally applicable to the nominating commissions. Suffice it to say that Article V, Section 11 was designed to take power away from the executive branch of government.
In contrast, Article II, Section 8 serves an entirely different purpose, and the “independent commission” entrusted with implementation of the enactment had already been created by statute to fulfill statutory functions. The Commission serves as a watchdog. It divests no one of power. It is reasonable to interpret the *317 language of the constitutional provision to indicate the intent of the people to distinguish the authority granted the preexisting “independent commission” in Section 8(f) from the power granted the judicial qualifications commission under Article V, Section 12. It is noted that Article V, Section 12(d) expressly grants the judicial qualifications commission power to adopt rules regulating its procedures, which rules may be repealed by general law or by the Supreme Court. No such authority is found in Article II, Section 8.
It is reasonable to interpret the use of the phrase “independent commission” to mean that the people intended that the findings of the commission not be controlled or influenced by the branches of government whose conduct the Commission was meant to oversee. The Commission admits that Chapter 120 does not at present interfere with its authority, but asserts that a finding that Chapter 120 applies to the Commission would open the door to future inroads upon its “independent” status. However, if at some future date the legislature attempted to pass legislation aimed at controlling or influencing the actions of the Commission, a constitutional challenge based upon the “independent commission” language of Section 8(f) would be the appropriate remedy.
From a pragmatic standpoint, it just doesn’t make sense to allow the Commission on Ethics to follow Chapter 120 when it is proceeding against public employees for some kinds of violations and to use its own set of rules (which are similar, but not in all cases identical, to Chapter 120) in its proceedings against public employees for other types of violations. The Commission has not demonstrated that the “Sunshine Amendment” was intended to elevate it to a “constitutional status” identical to the judicial nominating commissions, nor has it shown that a finding of the applicability of Chapter 120 to its proceedings would put it at the “mercy” of the legislature, since any attempt to control or influence its decisions by statutory enactment could be challenged as unconstitutional.
AFFIRMED.
MILLS and WENTWORTH, JJ„ concur.