PER CURIAM.
This cause is before us on appeal from a final order of the Division of Administrative Hearings (DOAH) dated May 22, 1985, in a rule-challenge proceeding initiated by Wilma and John Sullivan (Sullivans),[1] alleging that the Florida Commission on Ethics (Commission) promulgated rules[2] without statutory or constitutional authority. The parties stipulated to the record, agreed that standing was conferred to challenge the rules, filed memoranda in lieu of a hearing, and set the issues for determination as follows: (1) whether the DOAH has jurisdiction to determine the validity of rules contained in Chapter 34.5, Florida Administrative Code; and (2) whether the rules contained in Chapter 34.5 are valid.
The order sought to be reviewed, entered May 22, 1985, found that DOAH had jurisdiction to initially determine whether the rule challenge involves an interpretation of the Constitution; found that Article II, Section 8 of the Florida Constitution did not grant the Commission authority to adopt rules; and concluded that the DOAH has jurisdiction to determine whether the rules contained in Chapter 34-5, Florida Administrative Code, constitute an invalid exercise of delegated legislative authority. We agree with the determination below and affirm on the basis of the decision of this court in State, Commission on Ethics v. Sullivan, 449 So.2d 315, 317 (Fla. 1st DCA 1984), petition for review denied, 458 So.2d 271 (Fla.1984). That decision holds that the Florida Constitution does not grant the Commission authority to adopt rules “regulating its procedures” independent of Chapter 120 and that the Commission is subject to the procedural requirements of Chapter 120, Florida Statutes.
In the instant case, the hearing officer determined that the Legislature had not granted the Commission any rulemaking *555 authority other than the authority to adopt rules of practice and procedure pursuant to Section 120.53(1), Florida Statutes, and that the Commission had no inherent rulemak-ing authority. Applying the definitions of “substantive” and “procedural law” of In re Florida Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla.1972), and State v. Garcia, 229 So.2d 236 (Fla.1969), the hearing officer concluded that Rules 34-5.015 and 34-5.21(3) were substantive and, therefore, invalid. However, Rules 34-5.10, 34-5.14, and 34-5.22 were found to be allowable procedural rules under Section 120.53, and the challenge of those rules was dismissed.
Rules 34-5.26(1), 34-5.042, and 34-5.075 were ruled invalid as in excess of, and contrary to, exercises of delegated legislative authority. See Department of Health and Rehabilitative Services v. The Florida Psychiatric Society, Inc., 382 So.2d 1280 (Fla. 1st DCA 1980). The hearing officer determined that Rule 34-5.19(4)(d) had been amended to comport with the language of Section 120.58(l)(a), Florida Statutes, and was valid.
Subsequent to oral arguments in this case, the Florida Supreme Court, in Commission on Ethics v. Sullivan, 489 So.2d 10, 14 (Fla.1986), held that the Commission on Ethics is “a legislative branch entity” and therefore did not violate the separation of powers or vacancy clauses of the Florida Constitution.[3] We have carefully reviewed that ruling and find that it does not affect the Commission’s status relative to Chapter 120.[4] State, Commission on Ethics v. Sullivan, 449 So.2d 315 (Fla. 1st DCA 1984); petition for review denied, 458 So.2d 271 (Fla.1984).
Accordingly, the order below is affirmed.
BOOTH, C.J., SMITH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.

. Wilma and John Sullivan (Sullivans) and the Florida Commission on Ethics were parties in a series of judicial proceedings arising out of two complaints alleging "breach of the public trust,” in violation of Section 112.324(1), Florida Statutes, at the time the rule challenge was initiated. This case, however, involves two narrow issues which do not encompass the facts giving rise to the other proceedings.

. The Chapter 34-5 rules challenged are: Rules 34-5.015, 34-5.042, 34-5.075, 34-5.21(3), 34-5.-10, 34-5.14, 34-5.15, 34-5.22, 34-5.19(4)(c), and 34-5.26(1). Chapter 34.10, Florida Administrative Code, was subsequently repealed, and the Sullivans withdrew their challenge as to the rules under that chapter.

. Article II, Section 3 (separation of powers) and Article X, Section 3 (vacancy in office) of the Florida Constitution.

. See ASI, Inc. v. Florida Public Service Commission, 334 So.2d 594 (Fla.1976), holding the Public Service Commission to be a "legislative agency" and governed by Chapter 120. But cf. Convention Press, Inc. v. Gordon, 373 So.2d 963 (Fla. 1st DCA 1979), which provided that the Joint Legislative Management Committee was not subject to the Administrative Procedures Act with regard to its functions and responsibilities for printing the Florida Statutes, as Section 120.-50(1), Florida Statutes, provides that the Act does not apply to “The Legislature."