CARROLL, DONALD K., Judge.
In these appeals from orders entered by the Juvenile Court for St. Johns County, finding the appellants to be delinquent or dependent children,, the appellants have filed a petition for clarification of our order entered on June 12, 1964, dismissing their appeals sua sponte on account of their failure to comply with the rules of appellate procedure. Being of the view that a formal opinion, published in the case reports and setting forth the grounds for our order of dismissal, would serve a useful purpose in the administration of justice, we grant the petition for clarification, vacate our said order of dismissal, and in lieu thereof enter the following opinion and judgment:
On July 26, 1963, the appellants filed in the Juvenile Court their notices of appeal, and five days later copies thereof were duly filed in this court, from the orders and commitments entered by the Juvenile Court on July 23, 1963, finding the appellants to be delinquent or dependent children within the meaning of Sec. 39.01, Florida Statutes, F.S.A. Since the time of filing their notices of appeal, however, the appellants have failed to file herein their assignments of error, directions to the clerk and reporter, the record-on-appeal, and their briefs, although all of the said papers have been long overdue under the Florida Appellate Rules. If those rules are applicable to these appeals, the appeals are subject to dismissal on the appellee’s or this court’s motion.
In their petition for clarification of an order we entered on June 12, 1964, dismissing *770 their appeals for failure to comply with the Florida Appellate Rules, the appellants contend that they have followed the procedure under Sec. 39.14, Florida Statutes, governing appeals in juvenile proceedings, and that they “construe the statute as requiring only the filing by them of a Notice of Appeal within the stated time with all other papers being transmitted to the Clerk of the District Court by the Judge or counselor of the Juvenile Court.”
Sec. 39.14, Florida Statutes 1963, F.S.A., provides for the appeal from orders of a juvenile court to “the appropriate district court of appeal.” Sub-paragraph (8) of that section, referred to in the appellants’ petition, provides as follows:
“No briefs or papers other than the juvenile court file need be filed in the district court of appeal unless the said court shall specially so direct, but briefs may be filed by the appellant or the attorney general if either desires to do so. At any time after the juvenile court file shall have been received by the clerk of the district court of appeal, the appellant or the attorney general, after notice to the other, may apply to the said court to set a date for the argument on the appeal and the court shall dispose of the proceedings as expeditiously as possible.”
The just-quoted statute was originally enacted by the Florida Legislature in 19S1 as Chapter 26880, except that the circuit court was named as the appellate court instead of the district court of appeal. In 1956, however, an amendment to Article V of the Florida Constitution, F.S.A., was adopted which created the district courts of appeal and endowed them with jurisdiction over appeals from orders entered by the “trial courts” of the state, and in several subsequent decisions the appellate courts have held that juvenile courts are “trial courts” within the meaning of those words in the constitutional amendment. See State v. J. K., 104 So.2d 113 (Fla.App.1958), In re C. E. S., 106 So.2d 610 (Fla.App.1958), and In re Evans, 116 So.2d 783 (Fla.App.1960).
Other amendments to Article V of the Florida Constitution adopted in 1956 had the effect of endowing the Supreme Court of Florida with the exclusive power to promulgate rules of appellate procedure that would supersede conflicting statutes enacted by the Legislature on the subject. Sec. 3 of the said article as amended provides: “The practice and procedure in all courts shall be governed by rules adopted by the supreme court.” Sec. 5 provides in pertinent part: “The supreme court shall provide for expeditious and inexpensive procedure in appeals to the district courts of appeal * * *.”
In pursuance of this constitutional authority, the Supreme Court of Florida in 1957 adopted and promulgated, and in 1962 revised, the Florida Appellate Rules, 31 F. S.A., governing the procedure in appeals to all of the appellate courts of the state, including the district courts of appeal. In its order entered on June 18, 1962, adopting the revised rules, the Supreme Court states: “This compilation and revision supersedes all conflicting rules and statutes.” Rule 1.4 of the rules as revised provides that, as to proceedings commenced after September 30, 1962, “these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.”
Many of the provisions in the Florida Appellate Rules are manifestly in conflict with Sec. 39.14, sub-paragraph (8), quoted above, and relied on by the appellants in the present appeals. Among the numerous rules so conflicting are the rules requiring an appellant within certain times to file: assignments of error (Rule 3.5), directions to the clerk and designation to the reporter (Rule 3.6, subd. d), the record-on-appeal (Rule 3.6), and the appellant’s main brief (Rule 3.7, subd. a). Other papers may be required to be filed under certain circumstances.
*771 While the wisdom of the rules just cited is not before us (for that is a matter exclusively for our Supreme Court under the constitutional provisions above quoted), we do judicially know that the briefs and papers so required to be filed have been found to be essential to the administration of appellate justice during centuries of growth in the American-English system of jurisprudence, for without those briefs and papers an appellate court would not be able intelligently and fairly to review the lower court’s rulings nor would the appellate court be apprised of the positions and contentions of the parties aggrieved by such rulings. While we realize that the statute in question — Sec. 39.14, subparagraph (8), — provides that the district court of appeal may specially direct that briefs and other papers be filed, we do not think that that provision saves the statute from being in conflict with the Florida Appellate Rules, for that provision places an unnatural and illogical duty upon the appellate court, which would rarely have before it sufficient information in the file from which to determine what papers are necessary. Besides, such a provision, we feel, violates the fundamental concept of our court system and the function of a court in relation to the rights and contentions of the parties litigant.
We hold, therefore, that the appeals before us are governed by the Florida Appellate Rules and not by the statute in question, which has been superseded because of its conflict with those rules. Strictly and technically, then, the appeals are subject to dismissal for violating the rules. Nevertheless, in the interest of justice and of giving the appellants their “day in court” on the merits of their appeals, we can understand how a party or his attorney could in good faith have relied upon and followed the provisions of the statute in question, which no appellate court apparently has hitherto held to be in conflict with the Florida Appellate Rules. For that reason, we apply what has sometimes been referred to as the “sunburst doctrine,” and order that the appellants may have thirty days from the date of the entry- of-this judgment and opinion within which to file in this court, and serve copies upon the appellee, their briefs and other papers required by the Florida Appellate Rules, and the appellee is allowed twenty days after such service within which to file any responsive briefs and papers required by the said rules, and serve copies thereof upon the appellants. If the appellants fail to file their briefs and papers within the prescribed time, or at any later time permitted by this court upon good cause shown, their appeals will stand dismissed. In appeals taken to this court by other parties from orders of juvenile courts after the publishing of this opinion, we intend to apply and enforce more strictly the Florida Appellate Rules than we have done herein.
STURGIS, C. J., and WIGGINTON, J., concur.