328 So.2d 444 (1976)
GATOR FREIGHTWAYS, INC., et al., Petitioners,
v.
William T. MAYO et al., Respondents.
No. 47878.
Supreme Court of Florida.
January 8, 1976.
*445 Lawrence D. Fay, of Glickstein, Crenshaw, Glickstein, Fay & Block, Jacksonville, for petitioners.
Prentice P. Pruitt and Jerry M. Johns, Tallahassee, for respondents.
Ansley Watson, Jr., and David C.G. Kerr, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for Smalley Transp. Co., intervener.
HATCHETT, Justice.
At the conclusion of proceedings before respondent Commission, petitioners sought review of the Commission's order, by filing a petition for certiorari in this Court. Petitioners also filed directions to the Commission Clerk, specifying papers to be included in the record for transmittal to this Court. By letter[1] to petitioners' counsel, however, the Commission Clerk advised that he would omit from the record some of the items requested.[2] There is no claim *446 that any of the disputed documents is confidential. In order to require the inclusion of these papers, petitioners have filed a motion to compel, pursuant to Rule 3.9(a), Florida Appellate Rules, 1962 Revision. We now grant this motion, and express no view on any other facet of this cause.
While procedure within administrative agencies is subject to statutory regulation, procedure in all Florida courts is governed by such rules of procedure as have been adopted by this Court. Fla. Const. art. V § 2(a) (1972); In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla. 1973). The present proceedings in this Court are governed by the appellate rules, pursuant to Rule 1.1, Florida Appellate Rules, 1962 Revision, and this is expressly recognized in Fla. Stat. § 120.68(2) (1974), which specifies that judicial review of agency action "shall be conducted in accordance with the Florida Appellate Rules."
Under the appellate rules, the clerk of the Public Service Commission has the same duties as the clerk of a court. These duties are ministerial only. The clerk has no duty or authority to edit the record-on-appeal by selective compliance with directions duly filed by the parties.[3] The Commission Clerk has no discretion to decide which staff memoranda or other materials this Court should see, and which it should not see.
It is no answer to say that an aggrieved party may apply to this Court, as petitioners have done in the present case, to compel the inclusion of materials in the record. Any such approach, as was said in a related context:
... places an unnatural and illogical duty upon the appellate court, which would rarely have before it sufficient information in the file from which to determine what papers are necessary ... [and] violates the fundamental concept of our court system and the function of a court in relation to the rights and contentions of the parties litigant.

A.N.E. v. State, 167 So.2d 769, 771 (Fla.App. 1st Dist. 1964).
Recent experience has taught that case by case resolution in this Court of such disputes serves only to add an additional, unnecessary step to review of Public Service Commission orders. Exxon Co. et al. v. Florida Public Service Comm'n., Nos. 45,152-4 (Fla., order entered July 3, 1974); Morgan Drive Away of Florida, Inc. v. Florida Public Service Comm'n., No. 45.264 (Fla., order entered Sept. 23, 1974). Settling the record is an inappropriate function for this Court, in the first instance, and an unwise use of our resources, if we can do it at all, given the limited information available to the Court in the initial stages of proceedings here.
The Commission advances the argument that:
As the moving party, [petitioner] has the duty to convince the Court that the Commission should be compelled to make the items at issue part of the record on *447 appeal. If the Court has as much trouble locating what moves the movant as the Commission has had from reading the Motion to Compel, we would offer that it should be summarily rejected without further ado....
The claim in essence is that these papers have not yet been shown to be relevant for review purposes. The decision as to relevancy is for this Court to make when it is in a position to do so, namely, when it has before it what the parties, or any of them, directs to be included in the record-on-appeal, in support of their respective theories of the case.
The motion to compel is granted.
ADKINS, C.J., and OVERTON, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] The clerk's letter reads, in part, as follows:

It is the Commission's position that neither the minutes of Commission conferences nor staff memoranda are parts of the record in this docket as that term is used in § 120.24(2), Florida Statutes.
... Until otherwise directed by the Supreme Court, the Commission will not make staff memoranda or conference minutes part of the record on appeal.
The Commission Clerk's letter shows that he relied on Ch. 61-280, § 2, 1961 Fla.Laws (repealed by Ch. 74-310, § 4 effective Jan. 1, 1975) as authority for making up the record on appeal without the conference minutes and staff memoranda called for by petitioners' directions. This subsection, until its repeal a provision of the Administrative Procedure Act, was codified as Fla. Stat. § 120.24(2) in Part II of the Act, styled "Administrative Adjudication Procedure". The subsection reads as follows:
The agency shall ... preserve the testimony and exhibits in the agency proceeding, and the recommended order of the hearing examiner or member of the agency, if any, together with all pleadings, briefs and requests filed in the agency proceeding which shall constitute the exclusive record for any final order... .
Even though this provision has been repealed, the new Administrative Procedure Act directs that "administrative adjudicative proceedings begun prior to January 1, 1975, shall be continued to a conclusion under the provisions of the Florida Statutes, 1973 ..." Fla. Stat. § 120.72(2) (1974).
[2] The items which were directed to be included but which were omitted are:

1. The written Minutes of the Commission Conference dated January 6, 1975.
2. Written Minutes of the Commission Conference dated Monday, January 20, 1975.
3. Written Memorandum from the Legal Department of The Florida Public Service Commission addressed to The Administrative Secretary dated March 26, 1974.
4. Written Memorandum from the Legal Department of The Florida Public Service Commission addressed to Administrative Secretary dated January 3, 1975.
5. Written Memorandum from the Legal Department of The Florida Public Service Commission addressed to Commission Clerk dated June 30, 1975.
[3] There is no claim that any of the documents in controversy is confidential. It is presumably impossible for documents to be specified in the parties' directions to the clerk, unless they are already known to the parties. Nothing we say today should be construed to authorize discovery of documents by means of assignments of error drawn with any less precision than those set out ante n. 2.