GRIMES, Judge.
John Ehrenzeller seeks review of an order of the Career Service Commission approving his demotion from a position as a Family Services Consultant II for the Department of Health and Rehabilitative Services. We have jurisdiction pursuant to section 120.68, Florida Statutes (1979).
On July 1, 1971, the Division of Family Services of the Department of Health and Rehabilitative Services employed Mr. Eh- *182 renzeller as a Family Services Consultant II for District VIII in Fort Myers. The position is also referred to as that of District Medical Services Coordinator. By letter dated May 16, 1979, the administrator for District VIII demoted Mr. Ehrenzeller effective May 18,1979. The reason given for the demotion was Mr. Ehrenzeller’s failure to obtain a satisfactory level of job performance during the preceding six months.
Mr. Ehrenzeller appealed his demotion to the Career Service Commission on a form provided by the Commission. He listed several reasons why he felt the demotion unjustified, but his major contention was that his immediate supervisor had unilaterally reclassified and changed his job position to a higher level. He stated that the increased responsibilities and duties were not contained within the scope of his job definition and that the poor employee evaluations were a result of his inability to perform and assume duties which were unconnected with his position. He requested that a determination be made upon his performance as a medical services coordinator as that position had originally been defined and explained by the Department of Health and Rehabilitative Services.
Subsequently, the Career Service Commission held a hearing to consider Mr. Eh-renzeller’s appeal. A large portion of Mr. Ehrenzeller’s presentation at the hearing was concerned with his contention that he was being required to perform duties outside the scope of his employment. Several months following the hearing, the Career Service Commission issued a written opinion and order denying Mr. Ehrenzeller’s appeal. The opinion and order contained lengthy findings of fact which dealt with Mr. Ehrenzeller’s failure to satisfactorily perform duties assigned to him. However, it made no findings on the question of whether those duties were outside the scope of Mr. Ehrenzeller’s employment.
Section 120.68(8), Florida Statutes (1979), which deals with our review of final agency action provides that “the court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.” In view of this statute, we think it necessary to return this case to the Career Service Commission because the Commission’s failure to make findings of fact as to whether Mr. Ehrenzeller was required to undertake duties beyond those contained in his job description was a material error in procedure which may have impaired the fairness and correctness of the Commission’s action.
Section 120.59(2), Florida Statutes (1979), relating to final orders of agencies, requires that:
(2) Findings of fact, if set forth in a manner which is no more than mere tracking of the statutory language, shall be accompanied by a concise and explicit statement of the underlying facts of record which support the findings. If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request. (Emphasis added.)
In his written notice of appeal to the Commission, Mr. Ehrenzeller sought a determination as to whether he was being required to perform duties outside the scope of his job definition. Hence, the Commission should have made written findings concerning this request for a determination. See Weisbrod v. Florida Career Service Commission, 375 So.2d 1102 (Fla. 1st DCA 1979); Stuckey’s of Eastman, Georgia v. Department of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976).
We would also note that the Commission’s failure to make the findings requested by Mr. Ehrenzeller was potentially prejudicial to him. The personnel regulations of the career service system require that employees not be expected to meet performance standards which have not been defined or explained to them to be part of the requirements of their position. Fla.Ad *183 min.Code Rule 22A-9.02(3). This being the case, if the Career Service Commission were to make findings of fact to the effect that the duties Mr. Ehrenzeller did not satisfactorily perform were those which he had been required to do outside the scope of his job classification, it would necessarily have to find that he was entitled to relief from his demotion.
We reverse the order of the Career Service Commission and remand the case to that body for it to make written findings of fact based upon the record before it as to whether Mr. Ehrenzeller’s supervisor had required him to perform duties and responsibilities not contained within the scope of his job definition. The Commission should then make whatever disposition of the case those findings justify.
SCHEB, C. J., and CAMPBELL, J., concur.