491 So.2d 1199 (1986)
PSYCHIATRIC INSTITUTES OF AMERICA, INC., d/b/a Psychiatric Institute of Orlando, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Hospital Management Associates, Appellee.
No. BK-251.
District Court of Appeal of Florida, First District.
July 17, 1986.
*1200 C. Gary Williams, and Michael J. Glazer, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellant.
Robert S. Cohen, of Haben, Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, for appellee Hospital Management Associates, Inc.
John Gilroy, Asst. Gen. Counsel, for appellee State of Florida, Dept. of Health and Rehabilitative Services.
NIMMONS, Judge.
Hospital Management Associates (HMA) submitted a certificate of need (CON) application for a 60 bed long-term adolescent psychiatric facility. The application was preliminarily approved by the Department of Health and Rehabilitative Services (HRS), and Psychiatric Institute of Orlando (PIO) filed a petition requesting a formal hearing to contest the application. PIO holds a CON for a short-term adolescent psychiatric facility. HMA contested PIO's standing to challenge the award of the CON since their respective facilities are defined under different bed need methodology rules.[1] Nevertheless, a final hearing was held before a DOAH hearing officer in which hearing PIO was allowed full participation.
At the hearing, most of the applicable criteria were contested. After finding that the facilities of HMA and PIO would result in significant overlap of services, the hearing officer determined that PIO had standing to contest the application, but that HMA had sufficiently demonstrated it met the applicable criteria to justify issuance of the CON. The hearing officer recommended that a CON be granted.
HRS accepted the findings of fact relating to standing as well as most of the other findings of fact, but determined that because the two facilities are defined under different bed need methodology rules, PIO did not have standing. HRS accepted the hearing officer's recommendation as to other points and issued a CON to HMA.
On appeal, PIO contests HRS's determination that PIO did not have standing and also challenges HRS's issuance of the CON to HMA as not being supported by the evidence. We agree with PIO that HRS erred on the standing issue but find that the CON award to HMA is supported by the record.
PIO adequately demonstrated entitlement to standing as a "substantially affected person" within the meaning of Section 381.494, Florida Statutes (1985) and Rule 10-5.02(20), Florida Administrative *1201 Code (1985). HRS accepted the hearing officer's findings of fact relating to the actual effect which a new long or short-term psychiatric facility would have on PIO's facility, but denied standing solely on the difference in the bed need methodology rules. The major difference between the services provided under the two rules pertains to the length of stay. However, among the hearing officer's findings were: (1) when a patient is screened, it is merely a guess as to how long the patient will need to stay in the facility; (2) each facility will likely treat patients that could stay in the other facility; and (3) both facilities will be competing for the same staff and physicians. The existence of different bed need methodology rules does not control standing. See St. Francis Parkside Lodge of Tampa Bay v. Department of Health and Rehabilitative Services, 486 So.2d 32 (Fla. 1st DCA 1986).
Although we have determined that standing was erroneously denied, PIO was in fact allowed to fully participate in the administrative process including the hearing below. The erroneous determination regarding PIO's standing was not made until entry of the final order. PIO has also fully participated as appellant herein. Accordingly, the standing error does not require remand.
PIO also argues that there was no competent substantial evidence to support the finding that HMA had satisfied the requisite criteria under Section 381.494(6)(c), Florida Statutes, particularly the criterion pertaining to the "immediate and long-term financial feasibility of the proposal" as provided for in Section 381.494(6)(c) 9. Although the evidence in this respect was relatively minimal, our review of all the testimony and evidence has persuaded us that this criterion was adequately satisfied.
Finally, PIO argues that the hearing officer's order and the final order fail to adequately address PIO's recommended findings, relying, in part, upon this Court's holding in Island Harbor Beach Club, Ltd. v. Department of Natural Resources, 476 So.2d 1350 (Fla. 1st DCA 1985). The final order addressed the disputed factual issue directly. Although the hearing officer's order could have been more explicit, the issue was addressed, and such shortcoming did not affect the fairness of the proceedings or the correctness of the agency action. See Health Care Management v. Department of Health and Rehabilitative Services, 479 So.2d 193 (Fla. 1st DCA 1985).
AFFIRMED.
WENTWORTH, J., and GARY, WILLIAM (Associate Judge), concur.
NOTES
[1] Rule 10-5.11(25)(a), Florida Administrative Code (1985), defines short-term psychiatric services as follows:

(a) Short term hospital inpatient psychiatric services means a category of services which provides a 24-hour a day therapeutic milieu for persons suffering from mental health problems which are so severe and acute that they need intensive, full-time care. Acute psychiatric inpatient care is defined as service not exceeding three months and averaging a length of stay of 30 days or less for adults and a stay of 60 days or less for children or adolescents under 18 years.
Rule 10-5.11(26)(a), Florida Administrative Code (1985), defines long-term psychiatric services as follows:
(a) Long term psychiatric services means a category of services which provides hospital based inpatient services averaging a length of stay of 90 days.