683 So.2d 609 (1996)
LIFE CARE CENTERS OF AMERICA, INC., Appellant,
v.
SAWGRASS CARE CENTER, INC., and Agency for Health Care Administration, Appellees.
No. 96-811.
District Court of Appeal of Florida, First District.
November 21, 1996.
*610 R. Bruce McKibben, Jr., and Susan L. Turner of Holland & Knight, Tallahassee, for Appellant.
Robert D. Newell, Jr., of Newell & Stahl, P.A., Tallahassee, for Appellee Sawgrass Care Center, Inc.
Richard A. Patterson of Agency for Health Care Administration, Tallahassee, for Appellee Agency for Health Care Administration.
BENTON, Judge.
Life Care Centers of America, Inc. (Life Care) asks us to overturn a final order entered by the Agency for Health Care Administration (AHCA). The appealed order denied Life Care's application for a certificate of need to construct a nursing home in northern Duval County and approved a competing application filed by Sawgrass Care Center, Inc. Life Care contends that AHCA's order should be reversed, because it does not comply with the requirements of section 120.59(2), Florida Statutes (1995), in that each proposed finding of fact was not ruled on individually. We conclude that, as recently revised, the Administrative Procedure Act does not require reversal on this ground. We also reject (without further discussion) Life Care's contention that the AHCA decision under review lacks competent and substantial supporting evidence. Accordingly, we affirm.

Former Section 120.59(2), Florida Statutes
This court construed section 120.59, Florida Statutes (1983)[1] to require "explicit agency rulings on all findings proposed by a party." Island Harbor Beach Club, Ltd. v. Department of Natural Resources, 476 So.2d 1350, 1352 (Fla. 1st DCA 1985). At issue in Island Harbor was a hearing officer's final order denying a petition to invalidate a proposed administrative rule. Cf. Haynes v. Department of Professional Regulation, 584 *611 So.2d 656 (Fla. 4th DCA 1991) (involving hearing officer's final order denying petition for attorney's fees and costs). The Island Harbor court stopped just short of requiring[2] that each proposed finding of fact be dealt with separately by number:
The language of section 120.59(2) is plain and concise; it states in simple terms that "the order shall include a ruling upon each proposed finding." Yet, a substantial portion of the administrative orders reviewed by this court contain only a single paragraph or sentence such as the one quoted from the order under review[[3]] as the ruling on all proposed findings of fact. It takes little imagination to appreciate that a broad ruling so phrased, without more, makes it necessary during appellate review of the propriety of such rulings to painstakingly compare the final order, the proposed findings, and the record in a frequently frustrating attempt to sort out which proposed finding was rejected on which ground and whether such rejection was proper or improper. Performance of this task has often taken considerable time and effort which could have been avoided by the simple expedient of referring to numbered paragraphs in the appealed order.
It is standard practice in litigated matters to number paragraphs in pleadings and orders for the purpose of facilitating ease of reference by the litigants and the reviewing authority. For example, our rules of civil procedure state that claims for relief and defenses thereto "shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances and a paragraph may be referred to by number in all subsequent pleadings." Rule 1.110, Fla.R.Civ.P. Interrogatories "shall be arranged so that a blank space is provided after each separately numbered interrogatory." Rule 1.340(e), Fla.R.Civ.P. It is common practice to number separate matters set forth in requests for admissions. Rule 1.370, Fla.R.Civ.P. Likewise, proposed findings of fact and conclusions of law, whether filed in court or in administrative proceedings, are commonly numbered in separate paragraphs for ease of reference. Therefore, we perceive that it would be no great imposition for hearing officers to rule on each of the proposed findings of fact submitted by a party by referring to the specific paragraph numbers being considered. For example, the final order may conveniently state that *612 proposed findings 2, 4, 6, 8, 10, and 12 are rejected as immaterial; proposed findings 1, 3, and 5 are rejected as cumulative; proposed findings 7 and 9 are covered by paragraphs 4 and 5 of the final order, and so forth. Certainly, proposed findings collectively dealt with in the manner suggested will make perfectly clear to the reviewing court (and the lawyers handling the appeal) the basis for disposition of each proposed finding of fact and will fully comply with the spirit and intent of section 120.59(2).
Administrative proceedings are frequently complex, technical, and difficult to understand. Honoring the true intent and purpose of the statutory requirement to explicate the ruling on proposed findings is essential to the smooth functioning of the administrative process and subsequent judicial review. We stop, this time, short of construing section 120.59(2) as imposing a rigid requirement to use numbered paragraphs when ruling on proposed findings in every case. We do hold that simply ruling on all proposed findings in a single broadly phrased paragraph, as was done in the order under review, is totally insufficient to comply with section 120.59(2).
Island Harbor, 476 So.2d at 1352-53. Former section 120.59(2) placed the obligation to address proposed findings of fact on the agency (or hearing officer) that entered the final order. In practice, an agency's duty to address proposed findings of fact was often discharged by adoption of a recommended order in which a hearing officer had addressed proposed findings of fact with specificity. But see Kinast v. Department of Professional Regulation, 458 So.2d 1159 (Fla. 1st DCA 1984); Pelham v. Superintendent of School Bd. of Wakulla County, 436 So.2d 951 (Fla. 1st DCA 1983).
In the present case, the hearing officer as he was then known[4]did essentially nothing more than "simply rule[] on all proposed findings in a single broadly phrased paragraph." Island Harbor, 476 So.2d at 1353. Discerning which portions of Life Care's ninety-one proposed findings the final order incorporated by reference entails "painstakingly compar[ing] the final order, the proposed findings, and the record." Id. at 1352. Nor can grounds for rejection be readily ascertained, since five possible grounds are stated for rejecting most of the proposed findings.[5] In adopting the recommended order's cryptic "rulings" on Life Care's proposed findings, AHCA failed to comply with the second sentence of former section 120.59(2), Florida Statutes (1995). Island Harbor; Kinast; Pelham.

1996 Amendments To Administrative Procedure Act
"[P]rocedure within administrative agencies is subject to statutory regulation." Gator Freightways, Inc. v. Mayo, 328 So.2d 444, 446 (Fla.1976). During the pendency of the present appeal, chapter 96-159, Laws of Florida, amended the Administrative Procedure Act, effective October 1, 1996. The second sentence of former section 120.59(2), Florida Statutes (1995)mandating rulings on each proposed finding of factwas excised *613 by the repeal of section 120.59. Ch. 96-159, § 24, at 48, Laws of Fla. See Carlile v. Game and Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla.1977); Bacon v. Marden, 518 So.2d 925, 926 (Fla. 3d DCA 1987) ("Where the legislature amends a statute and in so doing omits a portion of it, common sense dictates that the legislature intended to remove that portion of the statute from the law."). In contrast, the first sentence of former section 120.59requiring a concise and explicit statement of the underlying facts, when a final order tracks statutory languagesurvived the statutory revision. Ch. 96-159, § 18, at 40, Laws of Fla. (creating section 120.569(2)(k), Florida Statutes).
We must decide whether the amended statute applies in the present case, so as to obviate any need for reversal and remand. On this point, the reviser's bill does not afford explicit guidance. Unlike the revision that took effect on October 1 of this year, the Administrative Procedure Act of 1974 had a specific provisionsection 120.72that addressed retroactivity or transitional issues arising in adjudicatory contexts.[6] But inconsistencies in the judicial interpretation of former section 120.72 seem to have reduced its effectiveness in assuring a smooth transition.[7]Compare Lewis v. Judges of the First Dist. Court of Appeal, 322 So.2d 16 (Fla. 1975) and Gator Freightways, Inc. v. Mayo, 328 So.2d 444 (Fla.1976) with City of Plant City v. Mayo, 337 So.2d 966 (Fla.1976). In any event, the 1996 amendment contains no comparable statutory treatment of retroactivity in ongoing administrative adjudication.
We must, therefore, look to general principles. "The general rule [of statutory construction] is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively." State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla. 1995) (citing Arrow Air, Inc. v. Walsh, 645 So.2d 422 (Fla.1994); Alamo Rent-A-Car Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994); City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961)). Additionally, "[s]tatutes that relate only to procedure or remedy generally apply to all pending cases." Gupton v. Village Key & Saw Shop Inc., 656 So.2d 475, 477 (Fla.1995) (citing Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla.1985)). Substantive statutes either "create[] or impose[] a new obligation or duty," id., or "impair or destroy existing rights." Alamo Rent-A-Car, 632 So.2d at 1358. Procedural statutes, on the other hand, "concern[] the means and methods to apply and enforce those duties and rights," id., and "no one has a vested interest in any given mode of procedure." State v. Kelley, 588 So.2d 595, 597 (Fla. 1st DCA 1991).
*614 We are grateful to counsel for their excellent supplemental briefs on the effect of the repeal of the second sentence in former section 120.59(2). While we might have preferred to see former section 120.59(2) survive the recent revision of the Administrative Procedure Act unscathedfor the reasons explicated in Island Harbor, the second sentence facilitated judicial reviewwe recognize countervailing considerations exist, to which the Legislature was free to assign more weight. An important purpose of the Administrative Procedure Actif not yet a fully realized purposeis to simplify the process of administrative adjudication, so as to improve access and reduce expense. We are concerned here with ninety-one findings proposed by one side. But, in another case, several parties might each propose several hundred. The amendment removes the danger that litigants would, if permitted, bring what may be very considerable resources to bear, in an attempt to distort the rightful focus of adjudication.
Our decision today leaves important procedural protections intact. Litigants remain free to file proposed recommended orders, including proposed findings of fact, which fact finders remain free to consider. Section 120.569(2)(k), Florida Statutes (Supp.1996), requires that findings of fact not already sufficiently detailed "be accompanied by a concise and explicit statement of the underlying facts of record which support the findings." All parties to hearings involving disputed issues of material fact have the right to file exceptions to recommended orders within fifteen days of their entry, § 120.57(1)(i), Fla. Stat. (Supp.1996), and agencies that receive recommended orders remain under a duty to address exceptions taken in a timely fashion. Iturralde v. Department of Professional Regulation, 484 So.2d 1315 (Fla. 1st DCA 1986). In these circumstances, repeal of the second sentence of former section 120.59(2) does not preclude adequate judicial review of quasijudicial adjudication undertaken by the executive branch.
Repeal of the second sentence of section 120.59(2), Florida Statutes (1995), changed the "means and methods" by which an administrative determination is rendered, but did not affect vested, substantive rights. We have previously noted the procedural character of former section 120.59(2). Stuckey's of Eastman, Ga. v. Department of Transp., 340 So.2d 119, 120 (Fla. 1st DCA 1976) ("Enforcement of statutory procedural guaranties [in former section 120.59(2)] remains a judicial function under the review procedures of § 120.68."). See also McIntyre v. Tucker, 490 So.2d 1012 (Fla. 1st DCA 1986) (reversing where Franklin County School Board "committed procedural error by failing to mention any of [McIntyre's] proposed findings of fact in its final order"). Ehrenzeller v. Department of Health and Rehabilitative Services, 390 So.2d 181, 182 (Fla. 2d DCA 1980) (failure to make findings required by former section 120.59(2) was a material error "in procedure"). Under these precedents, reversal and remand for application of former section 120.59(2) is not warranted.
Affirmed.
ERVIN and KAHN, JJ., concur.
NOTES
[1] The statute then provided:

Findings of fact, if set forth in a manner which is no more than mere tracking of the statutory language, shall be accompanied by a concise and explicit statement of the underlying facts of record which support the findings. If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request.
§ 120.59(2), Fla.Stat. (1983). Effective March 1, 1992, section 1, chapter 91-191, at 1604, Laws of Florida, the word "must" supplanted the word "shall" both times the word occurred. Ch. 91-191, § 5, at 250, Laws of Fla.
[2] The cases were clear even before the recent revision of the Administrative Procedure Act that noncompliance with former section 120.59(2) did not automatically dictate reversal. The Fifth District explained:

Appellant argues that the failure of the Division to explicitly rule upon the exceptions to the recommended order constitutes reversible error. The cases relied upon for this contention, such as Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979) and Stuckey's of Eastman, Ga. v. Department of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976), involved situations where an agency failed to rule explicitly on a party's proposed findings of fact. See also Ehrenzeller v. Department of Health and Rehabilitative Services, 390 So.2d 181 (Fla. 2d DCA 1980). In such cases, the agency's omission may impair the fairness and correctness of its action, Ehrenzeller, or may prevent judicial review of the matter. Stuckey's. In Parekh v. Career Service Commission, 346 So.2d 145 (Fla. 1st DCA 1977), the court held that the agency's failure to rule explicitly on petitioner's proposed findings of fact did not under the circumstances impair the fairness of the proceedings or the correctness of the action. The court in Parekh relied on section 120.68(8), Florida Statutes (1979), which provides:
The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
Adult World, Inc. v. State Div. of Alcoholic Beverages and Tobacco, 408 So.2d 605, 607 (Fla. 5th DCA 1981). Even after Island Harbor, we expressed similar views. Psychiatric Institutes of America, Inc. v. Department of Health and Rehabilitative Services, 491 So.2d 1199, 1201 (Fla. 1st DCA 1986) (any "shortcoming did not affect the fairness of the proceedings or the correctness of the agency action"); Health Care Management v. Department of Health and Rehabilitative Servs., 479 So.2d 193 (Fla. 1st DCA 1985).
[3] "The parties' proposed findings of fact have been considered and have been adopted, in substance, except where unsupported by the weight of the evidence, immaterial, cumulative, or subordinate."
[4] On October 1, 1996, hearing officers of the Division of Administrative Hearings became "administrative law judges." Ch. 96-159, § 31, at 53, Laws of Fla.
[5] The appendix to the recommended order that addressed Life Care's proposed findings of fact states only:

Respondents:
1-20. Partially accepted in findings of fact 4-17.
21-34. Partially accepted in finding of fact 18.
35-42. Partially accepted in finding of fact 19.
43. Partially accepted in finding of fact 20.
44-46. Rejected as being unnecessary.
47-58. Partially accepted in finding of fact 21.
59-69. Partially accepted in finding of fact 22.
70-71. Rejected as being unnecessary.
72-74. Partially accepted in finding of fact 23.
75-85. Partially accepted in finding of fact 24.
86-90. Partially accepted in finding of fact 25.
91. Rejected as being unnecessary.
Note: Where a proposed finding has been partially accepted, the remainder has been rejected as being unnecessary for a resolution of the issues, irrelevant, not supported by the more credible, persuasive evidence, subordinate, or a conclusion of law.
[6] Subsection two of section 120.72, Florida Statutes (Supp.1974), provided:

All administrative adjudicative proceedings begun prior to January 1, 1975 shall be continued to a conclusion under the provisions of the Florida Statutes, 1973, except that administrative adjudicatory proceedings which have not progressed to the stage of a hearing may, with the consent of all parties and the agency conducting the proceeding, be conducted in accordance with the provisions of this act as nearly as is feasible.
[7] In Lewis v. Judges of the First Dist. Court of Appeal, 322 So.2d 16 (Fla.1975), the supreme court applied former section 120.72, in granting prohibition to prevent appellate review of the comptroller's revocation of conditional approval orders that his predecessor in office had entered on applications for bank charters. The precise question in Lewis v. Judges was whether the First District had jurisdiction to review the revocation orders (along with an emergency rule promulgated after the effective date of the Administrative Procedure Act of 1974). The supreme court concluded that, while the 1974 Act contemplated judicial review of intermediate agency action in appropriate cases, prior law did not allow review until a final order had been entered. Even though the comptroller's interlocutory order was entered after the 1974 APA had taken effect, the court held that prior law controlled by virtue of section 120.72 and precluded judicial review. After deciding Lewis v. Judges and following that decision in Gator Freightways, Inc. v. Mayo, 328 So.2d 444 (Fla.1976), the supreme court did an about face eight months later in City of Plant City v. Mayo, 337 So.2d 966 (Fla.1976).

The court expressly refused to consider the fact that the Legislature had enacted a clarifying amendment by then, that bolstered the view the supreme court had originally taken. Ch. 76-207, at 370, Laws of Fla. In 1978, the Legislature enacted another amendment, which, in effect, declared the transitional period over. Ch. 78-95, § 57, at 414, Laws of Fla.