ORDER ON MOTION TO COMPEL PUBLIC SERVICE COMMISSION CLERK TO COMPLY WITH APPELLANT’S DIRECTION TO CLERK
GRIMES, Justice.
In the course of pursuing an appeal, public counsel filed directions to the clerk requesting that the record on appeal include a staff memorandum dated January 23, 1992, and a transcript of the commission agenda conference of February 4, 1992. Upon the instructions of the attorney for the Public Service Commission, the Chief of the Bureau of Records, acting for the Clerk of the Commission, wrote a letter to this Court advising that the staff memorandum and the agenda conference were not properly part of the record on appeal and would not be included unless this Court directed otherwise. This was not the proper procedure for determining what should be in the record on appeal. If the Commission believes that certain documents designated in the directions to the clerk should not be part of the record on appeal, its attorney should file a motion to strike, thereby presenting the issue for resolution to this Court. Gator Freightways, Inc. v. Mayo, 328 So.2d 444 (Fla.1976). Notwithstanding, we must now decide whether the staff memorandum and the agenda conference should be included within the record on appeal.
With respect to the staff memorandum, both parties offered differing interpretations of what is meant by sections 120.57(l)(b)(6)(g) and 120.66, Florida Statutes (1991). However, these statutes appear to be inapplicable because they are directed toward communications with the hearing officer. See Citizens v. Wilson, 569 So.2d 1268 (Fla.1990). This case was heard by a commission panel, and there was no hearing officer involved. Analogous to memoranda prepared by law clerks of this Court, we believe that memoranda of advisory staff should not be considered part of the record on appeal where the advisory staff neither testified nor actively participated in the hearing. On the other hand, the memoranda of staff who testify or otherwise become involved in the hearing may properly be considered part of the record on appeal. As we understand it, the staff attorney who wrote the memorandum at issue in this case cross-examined a witness at the hearing. Therefore, this memorandum falls in the latter category.
*405 The agenda conference is a discussion among the commissioners where the decisions are made. It is somewhat akin to the discussion of appellate judges in conference during the course of reaching a collegial decision. However, because an agenda conference is a public meeting and because the transcript of an agenda conference is a public record, we are inclined toward the view that the transcript of an agenda conference may be made part of the record on appeal. Any staff recommendations which are orally presented during the agenda conference will be necessarily included.
Accordingly, we direct that the staff memorandum and the agenda conference be made part of the record on appeal. We recede from Occidental Chemical Co. v. Mayo, 351 So.2d 336 (Fla.1977), to the extent that the dictum of footnote 9 could be interpreted as being inconsistent with our ruling.
It is so ordered.
BARKETT, C.J., and OVERTON, MCDONALD, SHAW, KOGAN and HARDING, JJ., concur.