810 So.2d 526 (2002)
EVERGREEN the TREE TREASURERS OF CHARLOTTE COUNTY, INC., Budd S. Pollock and Pauline Cox, Petitioners,
v.
CHARLOTTE COUNTY BOARD OF COUNTY COMMISSIONERS, Murdock Circle Partners, Ltd., and Sandspur Partners, Ltd., Respondents.
No. 2D00-4804.
District Court of Appeal of Florida, Second District.
January 18, 2002.
*527 David W. Rynders, Naples, for Petitioners.
Janette S. Knowlton, Assistant County Attorney, Port Charlotte, for Respondent *528 Charlotte County Board of County Commissioners.
No appearance for Respondents Murdock Circle Partners, Ltd., and Sandspur Partners, Ltd.
David W. Rynders, Naples, for Amici Curiae The Lemon Bay Conservancy, Inc., Save Our Creeks, Inc., Peace River Audubon Society, ELF Civic Association, The South Gulf Cove Homeowners Association, and People for Trees of North Port, Inc.
STRINGER, Judge.
Petitioners challenge a final order denying their petition for writ of certiorari. The issues raised by the petition are now moot; nevertheless, we review the petition on its merits because the due process errors which petitioners complain of are capable of repetition. See Lee County v. S. Fla. Water Mgmt. Dist., 805 So.2d 893, (Fla. 2d DCA 2001); Blalock v. Rice, 707 So.2d 738 (Fla. 2d DCA 1997).

Background
Murdock Circle Partners, Ltd., Sandspur Partners, Ltd. (the developers), and Charlotte County (the County) entered into an agreement for the construction of affordable housing units known as the Murdock Circle Apartments. Petitioners objected to the development plans for the project, alleging that the plans violated Charlotte County's heritage tree[1] ordinance. Charlotte County, Fla. Ordinance §§ 3-2-186-3-2-201 (1998). The tree ordinance was adopted in order to preserve heritage trees and to restore the tree canopy in unincorporated Charlotte County. Petitioners and amici curiae[2] opposed the Murdock Circle Apartments project because it called for the removal of twenty-seven heritage trees.
Pursuant to Charlotte County Ordinance section 3-9-5.1, the Charlotte County Developmental Review Committee (DRC) has final authority to approve project applications. The project application at issue here was submitted to the DRC for review and was approved at a meeting held on July 20, 2000. Petitioners appeared at that meeting, which was duly noticed as a public hearing. However, petitioners were not afforded an opportunity to address the DRC before it rendered its decision to approve the project. When petitioners' representative, Louise Raterman, asked to be heard concerning the matter, she was advised that the meeting was not a "public hearing" subject to Florida's Sunshine Law.[3] She was, nevertheless, allowed to make a statement on the record but only after the DRC had approved the project and dismissed the developers' representative.
Petitioners sought timely certiorari review of the DRC's decision in the circuit court. Their petition for writ of certiorari[4] alleged that the DRC violated procedural due process requirements and Florida's Sunshine Law by rendering a decision on the project application before allowing for public input. Along with their initial petition for writ of certiorari, petitioners *529 filed a motion for temporary injunction seeking to halt project construction and enjoin tree removal. An ex parte temporary injunction was granted and subsequently secured by a $10,000 bond.
The developers later moved to dissolve the injunction and were joined by the County. Their motion to dissolve and supporting memoranda argued that the developers had complied with the ordinance by taking measures to abate the project's impact on heritage trees. The motion also challenged the sufficiency of petitioners' bond. After an evidentiary hearing on respondents' motion to dissolve, the circuit court dismissed the injunction[5] and denied the fourth amended petition for writ of certiorari. The trees were subsequently removed, and the Murdock Circle Apartment project has likely been completed.

Discussion
This court reviews circuit court rulings on administrative or local agency action by way of certiorari. Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla.2001); Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). There are two tiers of certiorari review. On the first tier, "the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence." Vaillant, 419 So.2d at 626. On the second tier of review, the district court is only to determine whether the circuit court afforded procedural due process and applied the correct law. Id.; G.B.V., 787 So.2d at 843. Thus, we decline petitioners' and amici's invitation to address the merits of whether the DRC improperly approved the project application. Our scope of review is limited to determining whether the circuit court proceedings afforded procedural due process and whether the circuit court applied the correct law. G.B.V., 787 So.2d at 843.
In denying petitioners certiorari relief, the circuit court found that the DRC did not depart from the essential requirements of law by approving the developers' application. The DRC interpreted the tree ordinance to allow for tree removal from a site approved for development when the developer demonstrates that reasonable efforts have been made to design the project so as to limit the impact to heritage trees located on the site. The circuit court found this to be a reasonable interpretation of the ordinance. The court also ruled that the DRC did not violate petitioners' due process rights by failing to allow for public input prior to approving the project application because it found that the DRC was not a governmental body subject to Florida's Sunshine LawDRC members were merely functioning in their individual capacities as county staff members.

Procedural Due Process
Petitioners contend the circuit court denied them procedural due process because they were not given notice that the court would reach the merits of their petition in ruling on respondents' motion to dissolve the temporary injunction. We agree. At the hearing on respondents' motion to dissolve, the parties agreed that argument would be limited to determining whether petitioners had satisfied the requirements for obtaining a temporary injunction and whether they had posted a sufficient bond. The trial judge opened the hearing by accurately defining the issues to be addressed and frequently redirected the parties, advising them to limit their argument to the temporary injunction. *530 At one point during the hearing, the court noted that the petition might present a due process issue and acknowledged that the merits of the petition had not yet been addressed. Nevertheless, in ruling on respondents' motion to dissolve the temporary injunction, the court also ruled on the merits of the petition.
Florida Rule of Appellate Procedure 9.100(f) provides that petitions for writ of certiorari must be reviewed by the court to determine whether they demonstrate a preliminary basis of relief. If it appears that a petition makes a valid claim for relief, the court must issue an order to show cause as to why relief should not be granted. See also Fla. R.App. P. 9.100(h). Based on facts set forth in the fourth amended petition, the court believed that it alleged a preliminary basis for relief. However, rather than issuing an order to show cause, the court ruled on the petition based on evidence and argument presented on the motion to dissolve petitioners' temporary injunction. It was reasonable for petitioners to expect that their argument on respondents' motion to dissolve would be considered solely in the context of the temporary injunction. Petitioners were never noticed of the court's intent to rule on the merits of their petition based on arguments presented for a determination on respondents' motion to dissolve. The decision on the petition was essentially made without a hearing on the matter. See, e.g., Becher v. Woolery, 26 Fla. L. Weekly D2518, ___ So.2d ___, 2001 WL 1230515 (Fla. 2d DCA Oct.5, 2001). We must presume, as petitioners suggest, that their argument at the injunction hearing was directed at maintaining the temporary injunction. Petitioners were not prepared nor obliged to argue the merits of the certiorari petition at that hearing.
Because respondents had to demonstrate an absence of elements necessary for maintaining a temporary injunction (legal right or interest in the subject matter, the danger of immediate and irreparable harm, a likelihood of success on the merits, and unavailable remedy at law), the parties' argument and the court's inquiry necessarily touched on some of the same issues raised in the petition for certiorari. For instance, the parties addressed the procedural due process issue in the context of considering whether petitioners had demonstrated a substantial likelihood of success on the underlying claim. The court invited the parties to submit written argument on the issue. However, in ruling on the motion to dissolve, the court's treatment of the issue did not remain within the context of the injunction proceedings. This was error.

Application of Correct Law
In ruling on the petition in this case, the circuit court applied the incorrect law in several respects. First, the court considered sworn and unsworn testimony given at the evidentiary hearing on respondents' motion to dissolve. A circuit court's certiorari review of an administrative decision is essentially an appellate proceeding and should be limited to the administrative record and those items attached to the petition. Seated in its appellate capacity, the circuit court has no jurisdiction, in certiorari, to make factual findings or to enter a judgment on the merits of the underlying controversy. See G.B.V., 787 So.2d 838.
The supreme court addressed this very issue in G.B.V., which involved a zoning application. In that case, the developer (G.B.V.) filed a petition for writ of certiorari in the circuit court seeking review of the county's denial of its application to amend the Broward County Land Use Plan to change the designation of an undeveloped parcel from industrial to residential. The circuit court denied the petition upon finding, inter alia, that G.B.V. was estopped *531 from challenging the county's decision because it had made misrepresentations in its application. G.B.V. then sought second-tier review in the district court. The Fourth District reviewed the underlying merits of the zoning application, granted G.B.V.'s petition, and remanded the case for entry of an order approving G.B.V.'s application. Id. at 841. The supreme court held that in ruling on the certiorari petition, both the circuit and district courts had exceeded the scope of certiorari review. The circuit court erred by "embark[ing] on an independent review of the plat application and ma[king] its own factual finding," and the district court erred by evaluating the merits of the application. Id. at 845.
In the present case, the circuit court relied on testimony from county attorneys and staff members who provided information about the application process and the DRC's role in that process. Based on this sworn and unsworn testimony, the court determined that respondents' application would not be resubmitted to the Charlotte County Board of County Commissioners and concluded that due process requirements had been satisfied on two previous occasions when the Charlotte County Board of County Commissioners voted to build low income housing units and to adopt the tree ordinance. The court applied the incorrect scope of review by making these factual findings and should have limited its analysis to considering whether petitioners were given notice and a meaningful opportunity to be heard, whether the DRC departed from the essential requirements of the law, and whether its findings and decision were supported by competent, substantial evidence. We suspect that the circuit court may have reached a different conclusion if it had limited its inquiry to these three issues, particularly the first.
Second, the court applied incorrect law in its due process analysis by concluding that due process requirements had been satisfied based on public participation at county commission hearings on the proposals to build low income housing units and to adopt the tree ordinance. It was not enough to find that due process had been afforded at these proceedings which were aspects of the county commission's legislative function. The court had to determine whether the specific quasi-judicial decision under review was derived from a proceeding which itself afforded procedural due process.
Third, the court applied the incorrect rule of law in determining that the DRC meeting was not a proceeding subject to Florida's Sunshine Law. The Sunshine Law was enacted to "protect the public from `closed door' politics and, as such, the law must be broadly construed to effect its remedial and protective purpose." Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983) (citing Canney v. Bd. of Pub. Instruction, 278 So.2d 260 (Fla.1973)). The Sunshine Law has historically been subject to two exceptions, the "staff exception" and the exception for "remoteness from the decision-making process." See generally Occidental Chem. Co. v. Mayo, 351 So.2d 336 (Fla.1977), receded from on other grounds in, Citizens of the State of Fla. v. Beard, 613 So.2d 403 (Fla.1992); Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCA 1976). The circuit court applied the staff exception in the present case and concluded that the petitioners had no right to participate in the DRC meeting because DRC members were merely carrying out normal staff functions, which are not subject to the Sunshine Law.[6] However, when, as here, public officials delegate their fact-finding duties and decision-making authority to a committee of staff members, those individuals no longer function *532 as staff members but "stand in shoes of such public officials insofar as application of Government in Sunshine Law is concerned." News-Press Pub. Co., Inc. v. Carlson, 410 So.2d 546, 547-48 (Fla. 2d DCA 1982); see also Marston, 442 So.2d at 938-39. Because the authority of final project approval has been delegated to the DRC by Charlotte County ordinance, county staff members who serve on the DRC function as public officials. Hence, any DRC meeting at which quasi-judicial action will be taken is subject to Florida's Sunshine Law. Respondents argue that the DRC's decision was quasi-executive or quasi-legislative; however, we conclude that the decision to approve the Murdock Circle Apartments project plan was quasi-judicial in nature. In reaching the decision to approve this development project, the DRC made necessary findings of fact and applied a policy or general rule to the project plan (the tree ordinance). "Generally speaking, [quasi-]legislative action results in the formulation of a general rule of policy, whereas [quasi-]judicial action results in the application of a general rule of policy." Bd. of County Comm'rs v. Snyder, 627 So.2d 469, 474 (Fla.1993). The DRC's ruling on the Murdock Circle Apartments project clearly resulted from an application of the tree ordinance, among other county policies and rules.
The petition for writ of certiorari, having merit when filed, is denied as moot.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Trees which are afforded protection under the ordinance must satisfy the criteria for classification as heritage trees provided by Charlotte County Ordinance section 3-2-186(i) (1998).
[2] An amicus brief supporting petitioners' position was filed by The Lemon Grass Conservancy, Inc.; Save Our Creeks, Inc.; Peace River Audubon Society; ELF Civic Association; The South Gulf Cove Homeowners Association; and People for Trees of North Port, Inc.
[3] Sections 286.001-.30, Florida Statutes (2000).
[4] Petitioners' petition for writ of certiorari was amended four times before ultimately being denied by the circuit court.
[5] Petitioners do not challenge the dismissal of the temporary injunction.
[6] We note that in finding that the DRC's decision was not quasi-judicial, the court essentially found that the decision was quasi-executive or -legislative in nature. If these findings were correct, rather than reaching the merits of the petition, the circuit court should have dismissed it for lack of jurisdiction. A petition for writ of certiorari is the proper method for attacking quasi-judicial decisions of governmental agencies; however, quasi-legislative decisions must be challenged via suit for injunctive or declaratory relief. Hirt v. Polk County Bd. of County Comm'rs, 578 So.2d 415 (Fla. 2d DCA 1991).