Mr. Douglas M. Wyckoff Sanibel City Attorney 800 Dunlop Road Sanibel, Florida 33957-4096
Dear Mr. Wyckoff
On behalf of the Sanibel City Council, you ask the following question:
Is the Sanibel Vegetation Committee, created under the city code as an advisory committee to provide recommendations to the city council and planning department, subject to the Government in the Sunshine Law, and if so, must the vegetation surveys conducted by several members of the committee comply with the requirements of section 286.011, Florida Statutes?
In sum:
The Sanibel Vegetation Committee, created by the city code as an advisory committee to make recommendations to the city regarding vegetation and proposed development, is subject to the Sunshine Law in carrying out such duties. However, two or more members of the committee may conduct vegetation surveys without subjecting themselves to the notice and minutes requirements of the Sunshine Law provided that they do not discuss among themselves any recommendations the committee may make to the city council or planning commission, or comments on the proposed development that the committee may make to city officials. Rather, such discussions and recommendations should be considered at a duly noticed and open meeting with proper minutes being taken. If the members do discuss such issues during the survey visit, however, then such visit would be subject to the requirements of the Government in the Sunshine Law.
Florida's Government in the Sunshine Law, section 286.011(1), Florida Statutes, requires:
"All meetings of any board or commission of . . . any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
For a committee or board subject to section 286.011, Florida Statutes, the statute requires that the meetings of such committee or board be open to the public, reasonable notice of such meeting be given, and minutes of the meetings be taken.
In interpreting section 286.011, Florida Statutes, the courts have stated that the Sunshine Law applies to the entire decision-making process and not merely to the formal assemblage of a public body at which the final vote to ratify a decision is taken.[1] Thus, the law has been held to be applicable to any gathering, whether formal or casual, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by that public board or commission.[2]
The applicability of the Sunshine Law, therefore, is not dependent upon whether a quorum is present.
The courts of this state have repeatedly held that a publicly created advisory body that makes recommendations to a public agency is subject to the Government in the Sunshine Law, section 286.011, Florida Statutes.[3]
This office, in Attorney General Opinion 76-230, concluded that a county beautification committee created and appointed by the board of county commissioners for the purpose of conserving natural roadside growth and scenery and beautifying the highways, roads, and streets in the county was subject to the provisions of the Government in the Sunshine Law.[4]
Section 2-156 of the Sanibel City Code provides for the creation of the vegetation committee, stating:
"There is hereby created a vegetation committee composed of five or more individuals, who are residents of Sanibel, who have taken and passed the city's vegetation exam, and who shall be appointed for one-year terms by the city council. The council may appoint as many adjunct members as it deems advisable."
The vegetation committee serves as an advisory body to the city council and is available for consultation with any public or private person.[5]
The committee is responsible for advising the city council and planning commission about sound ecological management of vegetative resources in the city and may review and comment about proposed development.[6] The committee is also responsible for collecting, analyzing, and disseminating information on basic ecological principles as they relate to island vegetation, and giving to the best of its ability expert technical assistance to any person on the island who desires advice concerning clearing or landscaping for a development activity.[7]
You state that one of the duties of the vegetation committee is to conduct vegetation surveys on properties. The results of these surveys include a recommendation to city staff as to whether landscaping standards, pursuant to city ordinance and a development permit, have been met. At least two members of the committee are present during the survey. According to your letter, the members converse with each other regarding the plants observed and may discuss other official business.
These vegetation surveys would appear to be in the nature of an inspection trip. This office has previously stated that members of a public board or commission are not prohibited under the Sunshine Law from conducting inspection trips. For example, in a 1996 informal opinion, this office concluded that the mere presence of two members of a human rights advocacy committee during an investigation of a group home does not make the Sunshine Law applicable, provided that the members avoid discussion among themselves of issues that may come before the committee for official action.[8]
If, however, discussions relating to the recommendation the committee will make occurs during the inspection trip, then the requirements of the Sunshine Law must be met. Thus, the court in Bigelow v. Howze[9] held that where two of five commissioners, as members of a fact-finding committee, went on an inspection trip to Tennessee, they should not have discussed what recommendation the committee would make while they were still on their trip, but should have waited until such discussion could occur at a meeting subject to all the requirements of the Sunshine Law.
The Sanibel Vegetation Committee, created by the city as an advisory committee with the authority to make recommendations to the city regarding vegetation and proposed development, would appear to be subject to the Sunshine Law in carrying out such duties. However, as the above cases and opinions illustrate, two or more members of the committee may conduct vegetation surveys without subjecting themselves to the notice and minutes requirements of the Sunshine Law provided that they do not discuss among themselves any recommendations the committee may make to the city council or planning commission, or comments on the proposed development that the committee may make to city officials. Rather, such discussions and recommendations should be considered at a duly noticed and open meeting with proper minutes being taken. If the members do discuss such issues during the survey visit, however, then such visit would be subject to the requirements of section 286.011, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Times Publishing Company v. Williams,222 So.2d 470 (Fla. 2d DCA 1969) (every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action).
[2] See, Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973);Board of Public Instruction of Broward County v. Doran, supra; andCity of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[3] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974) (advisory board whose powers are limited to making recommendations to public agency and which possesses no authority to bind agency is subject to Sunshine Law); Spillis Candela Partners, Inc. v. CentrustSavings Bank, 535 So.2d 694 (Fla. 3d DCA 1988).
[4] Cf., Evergreen the Tree Treasurers of Charlotte County, Inc. v.Charlotte County Board of County Commissioners, 2002 WL 63375, 27 Fla. L. Weekly D207 (Fla. 2d DCA, filed January 18, 2002) in which the court held that a county developmental review committee was subject to the Sunshine Law, stating "when . . . public officials delegate their fact-finding duties and decision-making authority to a committee of staff members, those individuals no longer function as staff members but `stand in shoes of such public officials insofar as application of Government in Sunshine Law is concerned.'"
[5] Part II, Ch. 2, Division 3, s. 2-157, Sanibel City Code.
[6] Part II, Ch. 2, Division 3, s. 2-158, Sanibel City Code.
[7] Id.
[8] See, Inf. Op. to Frank A. Kreidler, February 20, 1996.
[9] 291 So.2d 645, 647 (Fla. 2d DCA 1974), in which the court stated:
"Upon its return to Florida, the committee should have held a public meeting with proper advance notice at which time the reasons to recommend Hunnicutt would have been aired and the committee's decision would have been made."