813 So.2d 204 (2002)
MAPLE MANOR, INC., a Florida corporation, Petitioner,
v.
CITY OF SARASOTA, Respondent.
No. 2D01-2536.
District Court of Appeal of Florida, Second District.
April 3, 2002.
*205 Morgan R. Bentley of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for Petitioner.
Mark D. Singer of Taylor, Lawless and Singer, P.A., Sarasota, for Respondent.
COVINGTON, Judge.
The petitioner, Maple Manor, Inc., seeks certiorari review of a circuit court order that denies it relief from an order of the Nuisance Abatement Board of the City of Sarasota (Nuisance Board), the respondent herein. We grant Maple Manor's certiorari petition.
On March 24, 2000, the Sarasota Police Department sent a letter to the manager of an apartment complex owned by Maple Manor, informing him that the apartment complex had been used for the illegal sale and/or delivery of a controlled substance. The letter advised that legal action could be taken against Maple Manor and its property for Maple Manor's failure to see that its property was not used for illegal purposes. Maple Manor was thus encouraged to "voluntarily take the appropriate measures to abate the nuisance." The last line of the letter stated, however, that "[t]his notice is being provided to you as information only and does not prevent any impending formal complaint from being filed against you."
Four days later, on March 28, 2000, the City of Sarasota filed a complaint with the Nuisance Board, alleging that ongoing illegal drug activity at the subject apartment complex constituted a public nuisance in violation of a series of city ordinances promulgated pursuant to section 893.138, Florida Statutes (2000). The factual basis for the complaint was that Sarasota police officers, aided by a confidential informant, were able to conduct three separate undercover cocaine purchases on the subject property on March 8, 9, and 20, 2000, respectively.
A notice of hearing was sent to Maple Manor's registered agent on the date the complaint was filed. The notice informed Maple Manor that a complaint for abatement of nuisance had been filed with respect to its property. The notice apprised Maple Manor of, among other things, the city ordinances that were alleged to have been violated, the prospective abatement procedures and civil fine that could potentially be imposed pursuant to those ordinances, the date and time of the evidentiary board hearing scheduled in the matter, *206 and general information regarding Maple Manor's right to present evidence of a defense and to otherwise be represented by counsel.
At the ensuing Nuisance Board hearing on April 13, 2000, the City presented evidence of the predicate drug transactions through police reports and the testimony of various police officers. Maple Manor, whose representatives were present at the hearing and represented by counsel, declined to offer any defense to the three predicate offenses that formed the basis of the City's complaint. Maple Manor in fact expressly stipulated to those offenses, acknowledging that they constituted proof of a public nuisance on the subject property. Maple Manor, however, presented evidence that, prior to the predicate offenses at issue, it had been cooperative with law enforcement by evicting troublesome tenants.
At the close of the hearing, the City asked that various measures be taken to abate the nuisance. It also asked for the imposition of a $7500 fine. Maple Manor's counsel conceded that Maple Manor had failed to screen its tenants. He, however, asked the Nuisance Board to refrain from imposing a fine until Maple Manor had been given a chance to abate the nuisance.
Thereafter, the Nuisance Board entered an order declaring the subject property to be a public nuisance, based on the three predicate undercover cocaine transactions. Maple Manor was therefore directed to abate the nuisance by compliance with various procedures set forth in the Nuisance Board's order. Having determined that the $7500 fine requested by the City was unauthorized, the Nuisance Board instead directed Maple Manor to pay a $5000 fine. The fine was calculated, as provided by the ordinances and section 893.138(10), at the maximum rate of $500 per day for ten days. According to the ordinances and the statute, the maximum $500 per day rate is permissible for nuisances that are recurring.
Maple Manor subsequently challenged the imposition of the $5000 fine in a petition for writ of certiorari filed in the circuit court. The circuit court, by written order, denied the petition, finding that there was competent substantial evidence "to show that a recurring nuisance took place at the apartment building owned by Maple Manor, Inc .... and that such recurring nuisance continued for a period in excess of 10 days." The trial court also found that, since the record before it showed that Maple Manor was afforded due process, the Nuisance Board did not depart from the essential requirements of the law in imposing the subject fine.
Maple Manor now petitions this court for certiorari relief. It ultimately contends that the $5000 fine was imposed in violation of its procedural due process rights; that the predicate offenses herein did not constitute proof of a recurring nuisance; and that the imposition of a ten-day running fine was in excess of the Nuisance Board's authority. We conclude that the circuit court departed from the essential requirements of the law in denying Maple Manor's certiorari petition.
In reviewing Maple Manor's initial certiorari petition, it was incumbent upon the circuit court to determine whether the Nuisance Board afforded Maple Manor procedural due process, whether the Nuisance Board's decision complied with the essential requirements of the law, and whether the Nuisance Board's findings and ultimate judgment were supported by competent substantial evidence. Evergreen The Tree Treasurers of Charlotte County, Inc. v. Charlotte County Bd. of County Comm'rs, 810 So.2d 526 (Fla. 2d DCA 2002) (citing City of Deerfield Beach *207 v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). In now reviewing the circuit court's decision, it is incumbent upon this court to determine only whether the circuit court afforded Maple Manor procedural due process and whether it applied the correct law. Evergreen, 810 So.2d at 529 (citing Vaillant, 419 So.2d at 626, and Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843 (Fla.2001)). If we determine that there has been an incorrect application of the law, we then must ultimately decide whether the error rises to the level of a miscarriage of justice. Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141, 145 (Fla. 2d DCA, 2002).
Maple Manor does not contend that it was denied procedural due process by the circuit court. Rather, it essentially suggests that the circuit court applied the incorrect law in its procedural due process analysis of the Nuisance Board proceedings. We agree and otherwise determine that issue alone to be dispositive here.
The record here shows that the Nuisance Board denied Maple Manor fair notice by imposing various penalties on it including the fine at issuewithout allowing it an adequate opportunity to voluntarily abate the nuisance. For that reason, we conclude that the circuit court incorrectly determined that Maple Manor was afforded procedural due process in the administrative proceeding. Because the circuit court's error has the potential to be applied to future administrative nuisance abatement proceedings, we further conclude that the circuit court's error resulted in a miscarriage of justice. See Alliston, 813 So.2d at 145.
Accordingly, we quash the circuit court's order denying Maple Manor's petition for writ of certiorari and remand for proceedings consistent with this opinion.
PARKER and ALTENBERND, JJ., Concur.