857 So.2d 326 (2003)
Beresford W. POWELL and Albennie Powell, Petitioners,
v.
CITY OF SARASOTA, Respondent.
No. 2D03-33.
District Court of Appeal of Florida, Second District.
October 15, 2003.
*327 Mark A. Gruwell of Law Offices of Mark A. Gruwell, Sarasota, for Petitioners.
James C. Siegfreid of Taylor, Lawless and Singer, P.A., Sarasota, for Respondent.
CANADY, Judge.
The petitioners, Beresford and Albennie Powell, seek certiorari review of a circuit court order denying them relief from an order of the Nuisance Abatement Board of the City of Sarasota. Because the circuit court failed to follow the established legal principle that the nuisance board was required to afford an adequate opportunity to abate the nuisance prior to imposing sanctions, we grant the petition.
The petitioners are owners of a residential rental property located in the city of Sarasota. On April 10, August 7, and August 8, 2001, the Sarasota Police Department, using a confidential informant, covertly conducted "controlled buys" of narcotics on this property from a tenant. The record reflects that the police served a search warrant at the property on August 16, 2001, but were unsuccessful in their effort to obtain evidence because at the time the warrant was served the tenant was in the process of moving out. The tenant was never arrested or prosecuted. On November 1, 2001, the city of Sarasota brought a nuisance abatement action against the petitioners pursuant to section 893.138, Florida Statutes (2001). The commencement of this action was the first notice afforded to the petitioners by the city about the criminal activity at the property, since the police investigation had not been previously revealed to them.
The nuisance board held a hearing on the nuisance abatement action. At this hearing, a police officer testified about the three controlled purchases of narcotics, which formed a predicate for the nuisance board's jurisdiction under section 893.138 and the Sarasota City Code provisions enacted pursuant to it. The petitioners, through the arguments of their attorney, disputed whether the drug sales had actually occurred and attacked evidentiary procedures used by the nuisance board. The petitioners also adduced testimony from the city's witnesses establishing that the commencement of the nuisance abatement action actually followed the abatement of the nuisance, namely the departure of the offending tenant. Following the presentation of argument and testimony, the nuisance board ruled that a nuisance existed but declined to impose a fine. Instead, the nuisance board assessed the city's investigatory and administrative costs against the petitioners and entered an order maintaining continuing jurisdiction over the petitioner's property.
The petitioners timely petitioned for a writ of certiorari from the circuit court. On December 6, 2002, the circuit court denied the petition, finding that there was substantial, competent evidence to support the decision of the nuisance board and no departure from the essential requirements of the law. Following this decision, the petitioner timely petitioned this court for review.
The circuit court, sitting in an appellate capacity, erred by failing to follow Maple Manor, Inc. v. City of Sarasota, 813 So.2d 204 (Fla. 2d DCA 2002), binding precedent of this court, when reaching its decision. In Maple Manor, this court found that "an adequate opportunity to voluntarily abate [a] nuisance" had to be afforded to a property owner before penalties are imposed against that property owner pursuant to city ordinances *328 promulgated under section 893.138. Id. at 207. An adequate opportunity to abate a nuisance necessarily includes notice that criminal activity that might constitute a nuisance is occurring, coupled with a reasonable amount of time to end the criminal activity. While a municipality could show that a property owner had an adequate opportunity to abate a nuisance if it were proven that the owner had knowledge of the criminal activity that constituted the nuisance for a substantial period of time without making efforts to abate the nuisance, no such showing was made in this case. In the instant case, the city's own witnesses admitted that the petitioners were first notified by the city about the nuisance on their property after the nuisance had already been abated through the departure of the offending tenant. Further, there was no evidence adduced at the hearing before the nuisance board that the petitioners knew of the drug sales on their property when they were occurring or that those sales were so obvious that the petitioners reasonably should have known about them. In short, no court could reasonably find, based upon the evidence presented at the hearing before the nuisance board, that the city had proven that the petitioners had been afforded any opportunity to abate the nuisance.
We grant the petition, quash the order of the circuit court, and remand for proceedings consistent with this opinion.
COVINGTON, J., concurs.
VILLANTI, J., concurs specially.
VILLANTI, Judge, Specially concurring.
I concur in the majority's opinion but write to note that the nuisance board was not required to declare the petitioners' property a nuisance; it could have exercised its discretion to decline to do so after the hearing. See § 893.138(3), Fla. Stat. (2001) (permitting, but not requiring, a nuisance abatement board to declare premises a nuisance after an evidentiary hearing).
The intent of section 893.138 is to "promote, protect, and improve the health, safety, and welfare of the citizens" by abating drug-related public nuisances. § 893.138(1). In this case, the alleged "public nuisance" was created when law enforcement chose to conduct covert induced controlled drug buys with the tenant without the petitioners' knowledge or consent. There is absolutely no evidence in the record that the petitioners' property was a "public nuisance" prior to law enforcement's actions.
In fairness to innocent property owners, such law enforcement operations are best conducted in public places. Private residences should be used only when that forum is necessary to halt criminal activity. When a nuisance action is brought based on law enforcement's decision to use a private residence for repeated controlled drug buys, a nuisance board should carefully consider the innocence of the property owner before declaring the property a public nuisance and imposing sanctions under section 893.138.