875 So.2d 715 (2004)
In the Interest of J.P., G.P., and J.P., children.
G.P., Appellant,
v.
Family Continuity Program, Appellee.
No. 2D03-5878.
District Court of Appeal of Florida, Second District.
June 4, 2004.
*716 Carlos A. Ramirez and Victoria L. Bloomer of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
Bernie McCabe, State Attorney, and Anne M. Villanueva, Assistant State Attorney, Clearwater, for Appellee.
CANADY, Judge.
G.P. petitions for certiorari review of a shelter review order on the ground that he was denied the statutorily afforded opportunity to be heard and to present evidence at the shelter hearing. We treat G.P.'s petition as an appeal pursuant to Florida Rule of Appellate Procedure 9.146. Because we conclude that G.P.'s challenge to the shelter order is well founded, we reverse the order.[1]

I. BACKGROUND
On November 21, 2003, a representative of the Pasco County Sheriff's Office filed an affidavit and petition for placement in shelter with respect to three children of G.P., the father, and E.P., the mother. The parents and children were all listed as residing at the same address.
The petition seeking removal of the children alleged that on several occasions, the last being on February 3, 2003, G.P. threatened and assaulted E.P. The petition further alleged that following the February 3 assault and after a prior alleged assault in October 2002 and a pattern of assaults prior to June 2002 E.P. had filed petitions for injunction for protection against domestic violence. Copies of these prior petitions for injunction for protection against domestic violence were attached to the affidavit and petition for placement in shelter, as was a statement of the deputy sheriff who responded to the February 3, 2003, incident. The deputy stated that the dispute between E.P. and G.P. began when G.P. complained about the conduct of one of their sons. The son told the deputy *717 that his father spanked him for not feeding their birds on time. In the October 2002 petition for an injunction against domestic violence, E.P. stated that G.P. assaulted her in the presence of the son. The petition seeking a shelter review order stated that the son told the investigator filing the petition that he witnessed numerous incidents of domestic violence and had tried to protect his mother.
The petition seeking a shelter review order also indicated that after the February 2003 incident, which resulted in G.P.'s arrest, an injunction for protection against domestic violence was issued against him and he was ordered to have no contact with the family. E.P. informed the investigator that despite that order G.P. returned to the family home. The same petition further indicated that the parents did not cooperate with counseling and did not cooperate with an attempt to provide preventative services.
The petition seeking a shelter review order stated that G.P. had prior convictions on drug charges, that he was on methadone, and that he may be using heroin again. The petition also indicated that G.P. was barred from possessing firearms, but after his aforementioned arrest, E.P. called the sheriff's department back to the house to take G.P.'s guns away from the home.

The Shelter Hearing
On December 2, 2003, a hearing was held before the circuit court. Each parent was represented by separate counsel. Counsel for E.P. suggested that the matter be referred back to mediation. The circuit court judge then stated, "I am finding, based on this affidavit, probable cause to continue the children in shelter." When counsel for E.P. said, "We would like to be heard before that determination" and "We have a point to present," the court stated:
We are here for a shelter hearing. They feel that there is probable cause for the children, or they would not have filed.
This is over a week old and we are here for a shelter hearing, and because we are here, I am finding probable cause, based on this sworn affidavit that has been filed by Mr. Brockhouse of the Pasco County Sheriff's Office.
The Department always has the discretion to, if they feel that the danger is gone, bring that right back and take care of it. They have the discretion to dismiss. They do it often.
Counsel for E.P. again stated that section 39.402, Florida Statutes (2003), required an opportunity to present evidence and for the parents to be heard, and the circuit court judge responded:
The parents have the right to be heard, but this can be probable cause, based on the four corners of the affidavit, and that's discretionary with the Court, and I am finding that we do not do three-hour shelter hearings. We never have, and I am not going to start.
Counsel for G.P. then stated to the court that section 39.402 required a full evidentiary hearing and that case law established that the denial thereof was a violation of due process, particularly if the removal of the children was ordered. The judge replied:
We don't do full evidentiary hearings in murder. You do probable cause, and this isI understand this isn't crime, but this is still a probable cause hearing, and probable cause can be found on the four corners of the affidavit.
I understand you are preserving the record. It is preserved.
The assistant state attorney then indicated that the objective of the application was to have G.P. leave the residence because *718 of the high risk of violence if he remained in the home. Counsel for G.P. then stated that G.P. was willing to temporarily leave the home until the issue was resolved so that the children could remain in the home with E.P. and not suffer further disruption of their lives. The court entered an order removing G.P. from the home and provided supervised visitation for G.P. The matter was adjourned to March 17, 2003, for full adjudicatory hearing.

II. ANALYSIS
Section 39.402 sets forth the procedure for conducting shelter hearings after the removal of a child. Section 39.402(5)(b)(1) provides: "The parents or legal custodians shall be given written notice that ... [t]hey will be given an opportunity to be heard and to present evidence at the shelter hearing." Florida Rule of Juvenile Procedure 8.305(b)(4) provides: "At the [shelter] hearing all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement as provided by law." The applicable criteria in this case are that "there is probable cause to believe that ... [t]he child has been abused, neglected, or abandoned, or is suffering from or is in imminent danger of illness or injury as a result of abuse, neglect, or abandonment." § 39.402(1)(a).
Rule 8.305(b)(2) provides that in shelter proceedings "[t]he court shall conduct an informal hearing." Rule 8.305(b)(3) states that "[t]he issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant." Under rule 8.305(b)(5), "[t]he court may base its determination on sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing."
G.P. correctly contends that he was denied the opportunity provided by statute and rule to be heard and to present evidence at the shelter hearing. Both parents appeared with individual counsel and each requested the opportunity to be heard, but at four separate points in the proceeding the circuit court judge refused to permit them to be heard because the court concluded that the written submissions by the sheriff's department established probable cause. The court's approach simply read out of the applicable statute and rule the requirement that a parent have an opportunity to be heard and to present evidence. The court focused only on the rule provisions that probable cause must be established at an informal hearing, conducted in a nonadversary manner, at which the court may base its determination on sworn complaint, testimony, or affidavit and can consider reports which would be inadmissible at adjudicatory hearing. The possibility that under rule 8.305(b)(3) and (5) the State could possibly meet its burden of establishing probable cause for shelter of a child solely through a written submission does not mean that if the presenting agency does so the parents are barred from responding at all and that no further hearing need be conducted. Had that been the intent of the rule it would provide that shelter of a child could be ordered without a hearing if the written submission established probable cause for shelter of the child.

III. CONCLUSION
Section 39.402 and rule 8.305 afford parents due process in judicial proceedings in matters involving the State's temporary removal of children from the home. In this case, the circuit court erred by disregarding *719 the statutory and rule provisions affording the parents a right to be heard and to present evidence at the shelter hearing.
Reversed.
ALTENBERND, C.J., and WHATLEY, J., Concur.
NOTES
[1] Although the proceedings before the circuit court have reached a stage where no purpose would be served by providing an adequate shelter hearing, the merits of G.P.'s appeal will be considered because G.P. alleges due process violations of a type which are likely to recur and which, because of the short time frames of child protective proceedings, if recurrent, are likely to evade review. See Evergreen v. Charlotte County Bd. of Comm'rs, 810 So.2d 526, 528 (Fla. 2d DCA 2002); Kelley v. Rice, 800 So.2d 247, 250 (Fla. 2d DCA 2001); Blalock v. Rice, 707 So.2d 738, 739 (Fla. 2d DCA 1997).