953 So.2d 5 (2006)
Beresford W. POWELL and Albennie Powell, Petitioners,
v.
CITY OF SARASOTA, Respondent.
No. 2D05-4850.
District Court of Appeal of Florida, Second District.
September 13, 2006.
*6 Mark A. Gruwell, Estherville, IA, for Petitioners.
Whitney Coyne of Fournier and Connolly, P.A., Sarasota, for Respondent.
NORTHCUTT, Judge.
The City of Sarasota's Nuisance Abatement Board declared a public nuisance at rental property owned by Beresford and Albennie Powell due to three undercover drug sales. The Board imposed various obligations on the Powells and retained jurisdiction for one year. The Powells unsuccessfully sought certiorari review in the circuit court. In this court, they seek certiorari relief to quash the circuit court's order. We grant the petition.
Before turning to the facts of this case, we set out the applicable standards of review. When a circuit court reviews a local government agency's quasi-judicial action by certiorari, it applies a three-part test to determine (1) whether the agency afforded procedural due process; (2) whether the agency observed the essential requirements of law; and (3) whether competent, substantial evidence supported the agency's findings and judgment. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). In "second-tier" certiorari proceedings to review the circuit court's decision, the district court of appeal must determine whether the circuit court afforded procedural due process and applied the correct law. Id. In this case, we conclude that the circuit court did not apply the correct law when considering the *7 procedural due process prong of its analysis.
Counties and municipalities are authorized by statute to create administrative boards to abate public nuisances occasioned by illegal drugs, prostitution, and other criminal activity. § 893.138, Fla. Stat. (2002). The City of Sarasota has created such a body. City of Sarasota, FL, Ordinance 95-3849 (codified at City of Sarasota, FL, Code ch. 2, art. V, div. 2). Under both the statute and ordinance, any place or premises can be declared a public nuisance when it is the site of more than two unlawful drug transactions within six months. Id.; § 893.138(2)(b).
The Powells own a number of rental units in the city, and they have been called before the Nuisance Abatement Board previously to answer for drug activity by their tenants. See Powell v. City of Sarasota, 857 So.2d 326 (Fla. 2d DCA 2003) (granting certiorari relief when circuit court failed to apply precedent requiring Board to afford opportunity for owner to abate nuisance prior to imposing penalties).
In the proceedings before the Board in this case, Sarasota Police Detective Lovio testified that she received anonymous telephone calls from neighborhood residents complaining about drug activity at one of the Powells' residential rental properties. She did not inform the Powells of these complaints. Instead, she arranged three undercover drug transactions at the property, which she testified was the number needed for a nuisance abatement charge. After the transactions, Detective Lovio obtained and executed a warrant to search the premises. No evidence was recovered, however, and apparently no arrests were made. After the search warrant was executed, Mr. Powell was informed of the foregoing events and, subsequently, brought before the Nuisance Abatement Board. The detective further testified that she had no evidence that the Powells knew about drug activity on the premises, and there was no record of any previous drug cases involving this property.
The Powells stipulated that the predicate drug transactions took place, but they maintained that they had been unaware of the illegal activity. Mrs. Powell had accepted a rent payment from someone other than the tenant named in the lease, and Mr. Powell acknowledged that he had learned that the tenant transferred her water service. At that point, Mr. Powell had asked the police department for assistance, but he was told to begin eviction proceedings, which he did. Interestingly, Detective Lovio's undercover drug sales were conducted after Mr. Powell had contacted the police for assistance.
In the hearing before the Board, the Powells asserted a defense of selective enforcement. They attempted to introduce evidence that the City's nuisance abatement efforts targeted predominantly African-American neighborhoods. The Board refused to consider this evidence, and it refused to allow the Powells to make a proffer of the excluded evidence. In the circuit court certiorari review proceeding, the Powells argued that those refusals denied them procedural due process.
The circuit court rejected this claim. In so doing, it failed to apply the correct law. Section 893.138(3) provides that in a nuisance abatement proceeding the property owner "shall have an opportunity to present evidence in his or her defense[.]" The Equal Protection Clause prohibits selective enforcement of the law based on considerations such as race. Glock v. Moore, 776 So.2d 243, 252 (Fla. 2001); see also Polk County v. Mitchell, 931 So.2d 922, 926 n. 4 (Fla. 2d DCA 2006) (describing selective enforcement defense *8 to ordinance as "deliberately based on an unjustifiable standard such as race, religion, or other arbitrary classification"). Thus, under the law, the Powells' defense to the nuisance abatement charge was legally cognizable, and they were entitled to present evidence in proof of it. The circuit court failed to apply this law when ruling that the Board afforded procedural due process to the Powells.
Accordingly, we grant the petition and quash the order under review. See Massey v. Charlotte County, 842 So.2d 142 (Fla. 2d DCA 2003) (granting certiorari when circuit court applied the incorrect law in determining that code enforcement board afforded procedural due process).
Petition granted; order quashed.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs specially with opinion, in which VILLANTI, J., Concurs.
ALTENBERND, Judge, Specially concurring.
I fully concur in this opinion. I write only to highlight the issue that we do not reach at this time. The Powells previously came to this court with a similar case, in which we ruled that "an adequate opportunity to abate a nuisance necessarily includes notice that criminal activity that might constitute a nuisance is occurring, coupled with a reasonable amount of time to end the criminal activity." Powell, 857 So.2d at 328. Once again, the City relies on three "controlled buys" by undercover officers to support a finding of a nuisance.
These events occurred over a two-week period, apparently without notice to the Powells. The parties who sold drugs to the police were not tenants in any apartment rented by the Powells and were not prosecuted. As in the previous case, the City of Sarasota's Nuisance Abatement Board did not fine the Powells but subjected their rental activity to additional regulation due to the existence of the drug problem.
The Powells obviously own property in a drug-infested neighborhood, but I question whether the circuit court correctly determined that the City presented competent, substantial evidence that would permit the Nuisance Abatement Board to declare the Powells' property a nuisance. Our standard of review does not permit us to conduct a second review of the weight or sufficiency of the evidence before the Nuisance Abatement Board and the majority opinion correctly makes no determination of that issue. On the other hand, the circuit court is obligated to follow the essential requirements of the law, which includes our holding in the Powells' prior petition for certiorari. It is a very close question in my mind whether the circuit court has followed that law. Our ruling today returns this proceeding to the circuit court, which is free to re-examine the issues before it.