PER CURIAM.
Domingo Rodriguez seeks certiorari review of the circuit court’s affirmance of a county court’s forfeiture judgment. We grant the petition, holding that the circuit court, in its appellate capacity, failed to apply the correct law when it affirmed the county court’s denial of Rodriguez’s motion to suppress filed in the forfeiture proceedings. The same motion was also the subject of this court’s published decision reversing Rodriguez’s related criminal conviction.
The Palm Beach County Division of Animal Care and Control filed a petition in the county court seeking forfeiture of Rodriguez’s animals pursuant to section 828.073, Florida Statutes (2007). The seizure of the animals was based on a search warrant that was executed on Rodriguez’s home and property.
In addition to the forfeiture proceedings, the State charged Rodriguez with animal fighting. Rodriguez was convicted and sought appellate review of his conviction *46 and sentence in this court. One of the appellate issues in the criminal case concerned the trial court’s refusal to suppress evidence because the search warrant was invalid. Rodriguez v. State, 29 So.3d 357, 357-58 (Fla. 4th DCA 2010).
Meanwhile, in the forfeiture proceedings, the county court similarly denied Rodriguez’s motion to suppress, and after a hearing, entered a final judgment of forfeiture against Rodriguez. Rodriguez sought appellate review in the circuit court.
While that appeal was pending, this court issued the decision in Rodriguez’s criminal case. This court reversed the conviction, agreeing with Rodriguez that the search warrant was invalid and that the trial court should have granted the motion for judgment of acquittal because the evidence was legally insufficient to support the conviction. Id. at 357, 360-61. Ultimately, this court directed that Rodriguez be acquitted and discharged. Id. at 358, 361.
Rodriguez filed a notice in the circuit court of his intent to rely on that decision to support a challenge to the denial of the motion to suppress. However, the circuit court affirmed the county court’s judgment.[1]
We reject the County’s position that our comments in Rodriguez are dicta and note that Rodnguez is dispositive of the instant case. Jeopardy attached in the criminal proceedings, and because this court addressed the validity of the exact search warrant at issue in Rodriguez and determined that it was invalid, the circuit court was required to apply this court’s law. See In re Forfeiture of a 1981 Ford Auto., 432 So.2d 732, 733 (Fla. 4th DCA 1983). Therefore, the circuit court departed from the essential requirements of law and applied the wrong law when it failed to abide by this court’s precedent. See Custer Med. Ctr. v. United Auto. Ins. Co., — So.3d-(2010); see also Powell v. City of Sarasota, 857 So.2d 326, 327-28 (Fla. 2d DCA 2003) (granting petition for writ of certiorari where circuit court sitting in its appellate capacity failed to follow binding precedent of the second district).
Accordingly, we grant the petition for writ of certiorari.

Petition granted.

POLEN, HAZOURI and DAMOORGIAN, JJ., concur.

. The circuit court granted relief, in part, with respect to the county court’s jurisdiction limit of $15,000.00.